## Gregory et al. v. Crain.

June 12, 1942.

Nelson Helm and Trabue, Doolan, Helm & Stites for appellants.

Joseph Solinger and Frank C. Greene for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling motion.

As between the parties litigant this action was originally brought in the Jefferson circuit court by appellants against appellee. It was and is an equity action and was heard and tried by respondent, Hon. Churchill Humphrey, as Judge of the Chancery Branch, First Division, of that court. The action sought a prohibitive injunction against defendant, restraining her from continuing to employ premises—located within St. James Court in the city of Louisville, in the manner she was doing, upon the ground that such devoted use by her was in violation of lawful restraints upon her title to the premises, which were imposed, not only in her deed, but also in the deeds of plaintiffs whose lots were parts of a subdivision creating St. James Court, a plat of which was recorded in the

Jefferson County Court, also imposing the same restraints.

Respondent declined to issue the injunction and dismissed the petition, but upon appeal to this court we reversed his judgment, closing our opinion by saying [161 S. W. (2d) 49, 52]: "The judgment should·be and it ·is reversed, with directions to grant the injunction prayed for and for other appropriate proceedings not inconsistent with this opinion." That opinion was delivered on February 27, 1942, and defendant's petition for re-hearing was overruled on May 8 thereafter, upon which date mandate was issued in accordance with the opinion. It was filed in respondent's court on May 13 following, with a motion for the entry of an immediate injunction of the character and kind directed by us in our opinion. The \case is reported under the same style as above in 290 Ky. 323, 161 S. W. (2d) 49, and it is referred to for the factual as well as legal issues involved in the case. From it, it appears that defendant operated a complete or quasi sanitarium in her newly acquired residence in St. James Court containing twenty-four rooms, and wherein she cared for, nursed, boarded and.looked after the welfare of her inmates, consisting sometimes of as many as fifteen patients, in the same manner of all institutions devoted to such purposes, the patients or inmates being aged persons and afflicted with either senility or some physical or mental derangement.

In ruling on the motion respondent sustained it insofar as we directed the issuing of the injunction, and entered an order to that effect; but he expressly overruled plaintiffs' motion to make the injunction immediately effective from and after its granting and entry, and postponed the effective date until October 8 of this year, 1942, which was done by him for reasons given in his opinion delivered at the time, and also contained in his response made in this court to the motion now under consideration. Those reasons were, that in rendering the judgment pursuant to plaintiff's motion—with the qualifying postponement of the effective date of the injunction —respondent was not violating the direction of this court, nor its mandate, since neither of them expressly or by implication required immediate effectiveness of the injunction directed to be issued by respondent, and which, as he insists, left him in the same condition as he occupied before rendering his original opinion in the

case, at which time he was vested with a sound discretion as to the proper order that should be made, having in view the rights of all litigants and the consequences that might be entailed by granting the injunctive relief. Whether or not that position of respondent is or is not correct is the sole question for determination on this motion for an order directing him to make the injunction immediately effective.

At the threshold we unhesitatingly conclude that respondent is correct in his contention that neither our opinion, nor the mandate following it, either expressly or by inference curtailed or in any way qualified the discretion vested by the law in courts with reference to the issuing of injunctions. Therefore, the insistence that he occupied the same position in such respect after the filing of the mandate as he did before disposing of the case in his original judgment, without it having ever passed through this court, meets with our approval.

Two propositions adhering to injunctive relief are so well settled as to require the citation of no authorities in support thereof, since there are none to the contrary. They say to the litigant against whom the injunction is granted that "Thou shalt," or "Thou shalt not." The first is denominated in the law as a mandatory injunction; whilst the second is styled a prohibitory one, and to which class the order sought and obtained in this case belongs. Equally clear and well settled is the proposition that neither class of injunctions will be granted for the protection of actual or alleged rights when the litigant seeking them has an adequate remedy at law, since in granting the relief the hands of the court are laid upon the violating litigant to compel him to do or not to do the act or acts which his opponent contends is required of him. Therefore, equity courts, when applied to for such writs or orders, are vested with a sound discretion, not only as affects the granting of the relief at all, but also as to when the injunction that may be granted shall take effect, and which also includes the right to impose terms and conditions looking to the protection of the rights of all parties connected with the litigation.

Substantiating in part the condition of the law as above outlined is the text in 28 Am. Jur. 198, Section 3, in which the tool of equity known as an *injunction* is denominated as "the strong arm of equity" or a "transcendent or extraordinary remedy," and "which should

not be lightly indulged in, but be used sparingly, and only in clear and plain cases. The relief depends upon broad principles of equity and may, in the discretion of the court, be granted or denied in accordance with the justice and equity of the case.'' Further along in the same volume on page 494, Section 323, the text deals with modifications or suspension of injunctions, in which it is said, inter alia: ''There is no doubt but that the court which renders a decree for a permanent or perpetual injunction may open or modify the same where the circumstances of the parties are shown to have so changed as to make it just and equitable to do so, * * * The court has inherent power in this respect and may exercise it after the term in which the decree is rendered.''

To the same effect is the text in 32 C. J. 433, Section 742, which says in part: ''The court has inherent power in its discretion temporarily to suspend an injunction when the exigencies of the case require it. * * * Ordinarily, where the injunction will cause the defendant great loss it may be temporarily suspended on terms that will properly protect complainants, and the suspension of an injunction may be authorized by reason of a change in condition subsequent to the allowance of the injunction.''

Supporting such statements concerning the state of the law applicable to the issuance, modification or conditions relating to the granting of injunctions, as outlined in the texts to which we have referred, are the cases of Parsons v. Weller, 72 S. W. 273, 24 Ky. Law Rep. 1770; Somerset Water, Light & Traction Co. v. Hyde, 129 Ky. 402, 111 S. W. 1005, 33 Ky. Law Rep. 866; American Snuff Co. v. Walker, 175 Ky. 149, 193 S. W. 1021, and Breathitt County v. Cockrell, 250 Ky. 743, 63 S. W. (2d) 920, 925, 92 A. L. R. 626, in which latter case the opinion says: ''The granting or refusing of an injunction in the nature of final relief, in every case, depends upon the facts and rests in the sound discretion of the court.'' The opinion cites the case of Louisville & N. R. Co. v. Central Stock Yards Co., 133 Ky. 148, 155, 30 Ky. Law Rep. 18, 97 S. W. 778, 781, the opinion therein saying: ''A court of equity will not interfere by injunction where there is an adequate legal remedy, but where there is no adequate legal remedy, and the ends of justice require it, it will do so to prevent irreparable injury.''

See, also, the text in 14 R. C. L. page 307, and the foreign case of Clayborn v. Camilla Red Ash Coal Co., 128 Va. 383, 105 S. E. 117, 122, 15 A. L. R. 946, in which the court said: ''The granting of it [injunction] rests in sound judicial discretion, to be exercised upon a consideration of the nature and circumstances of the case.'' To the same effect is the case of Ladner v. Siegel, 298 Pa. 487, 148 A. 699, 68 A. L. R. 1172. We will not burden the opinion with other citations supporting the principles as hereinbefore outlined, since all courts, as well as text writers, are in accord with what we have stated to the effect that the authority conferred by the law upon courts to issue injunctions is flexible, and the discretion which is vested in the court is to be measured by the facts in each case, including the consequences that might be entailed as a result of granting the relief.

If, then, respondent herein possessed a discretion in the imposition of terms and conditions in issuing the perpetual injunction which he may have determined to grant upon the original submission of the cause to him and he was not divested of such discussion by any order of this court in this case, such authority remained with him. We have seen that neither our opinion, nor mandate, prohibited or took away from him the discretion that was his as the presiding judge of one of the divisions of the Jefferson Circuit Court, and when plaintiffs made their motion he still possessed the right as a chancellor, in administration of equity, to follow the authority given him by the general law of the land; but of which he could have been deprived by an explicit direction of this court if one had been made. Therefore, in determining the motion of plaintiffs for an immediate injunction against defendant—effective from that date— respondent possessed the discretion, in view of the facts of the record, to say whether or not plaintiffs should have their ''pound of flesh'' by immediately ousting defendant from her premises, which in turn would involve the vacation of it by her afflicted and aged patients without reasonable time to provide for other arrangements whereby she could continue to carry out her contracts with the inmates that she had admitted in her premises, and to bestow upon them the care they needed and which she had agreed to do. The consequences of such an immediate effective injunction upon the patients should not be lost sight of, and all of such considerations go to make up the facts of the case as forming the basis for the exer-

cise of discretion. The further fact is apparent that while so protecting the rights of defendant, and exercising humane consideration for the inmates of her residence, the damage to plaintiffs during the suspension period for the effective date of the injunction was only nominal, inflicting but little (if any) material injury. The effective date of the injunction in this case was postponed until October 8, 1942, as we have said, because the courts in Louisville—including that of respondent—are soon to take their summer vacation. The time intervening between the granting of the injunction as made by respondent and such adjournment was inadequate to enable defendant to adjust herself to meet the requirements of the injunction ordered to be issued against her. During the vacation respondent, as well as the other judges of the Jefferson circuit court, might be absent from the city and county and any question that might suddenly arise would have to be postponed until it could be judicially considered under the forms of law. Therefore—and inasmuch as the lengthened postponement beyond what respondent considered a reasonable time was of trifling consequence—he made the effective date at the time indicated, and which we conclude was not such an abuse of discretion as requires the interference of this court.

Wherefore, for the reasons stated, the motion for the issuing of the rule as requested is overruled, and the application therefor is dismissed.