## Tharp v. Louisville & N. R. Co. et al.

April 30, 1948.

Shumate & Shumate for appellant.

C. S. Landrum, C. E. Rice, Jr. and W. W. Reeves for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

In this equitable action appellant seeks a mandatory injunction compelling defendant L. & N. Railroad Company to accord him seniority rights as a brakeman over eleven named defendant employees of the company. The Chancellor sustained general demurrers of all the defendants to appellant's petition as amended.

In substance appellant's prolix pleadings allege the following facts: He was employed as a brakeman by defendant company prior to November 30, 1930; on that date, due to a reduction of forces, his employment was terminated; he was reemployed by the company January 3, 1944; the individual defendants were employed subsequent to the date of his initial employment; he has seniority over those individual defendants, but such status has not been recognized by the company; and under the contract between the company and the Brotherhood of Railroad Trainmen he was entitled to seniority.

By amended petition appellant alleged that he had taken the matter up with the Brotherhood of Railroad Trainmen; his Local Lodge refused to reinstate his seniority (the individual defendants having somehow voted fraudulently on this grievance); he appealed to the President of the Brotherhood, who refused to restore his seniority; and the President is the final authority on this question and no appeal lies from his decision within the framework of the Brotherhood.

Appellant further alleged that by virtue of a long continued construction of the employment contract by the company and the brakemen, he has the contractual right to seniority, which has been denied him. He filed this contract, dated February 1, 1927, but did not file the constitution, by-laws, rules or regulations of the Brotherhood.

Appellees present several reasons why the general demurrers to appellant's pleadings were properly sustained, but we deem it necessary to consider only one of them. That is, the petition as amended fails to state facts showing that appellant is entitled to any equitable relief. This is a suit for a mandatory injunction, and appellant's only allegation in support of the right to

such relief is that he will suffer great and irreparable injury unless such injunction is granted. This is a bald conclusion of the pleader with no facts stated in support of it.

Relief by way of mandatory injunction is an extraordinary remedy, and should not be invoked lightly. The nature and circumstances of the case are important in determining whether or not the Court in the exercise of a sound judicial discretion should grant such relief. See Gregory et al. v. Crain, 291 Ky. 194, 163 S. W. 2d 289. It is, of course, an ancient and settled principle that an equity court will not exert its powers where the litigant has an adequate remedy at law. See Heyser et al. v. Brown et al., 299 Ky. 82, 184 S. W. 2d 893.

As above noted, appellant fails to allege facts showing that he cannot obtain adequate redress other than by the issuance of a mandatory injunction. While he stated in his amended petition that he has exhausted the remedies within the Brotherhood, he does not allege his inability to obtain adequate relief otherwise. Undoubtedly he could not so allege in view of the proceedings permitted before the Railway Adjustment Board created by the Federal Railway Labor Act, 45 U. S. C. A. sec. 11 et seq. One of the expressed purposes of this Act is "to provide for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U. S. C. A. sec. 151a. Section 153, subd. 1(i) provides that in a dispute between an employee and a carrier, the matter shall be referred to the proper division of the Adjustment Board.

A controversy regarding seniority rights would seem to be a most appropriate dispute to be passed upon by the Adjustment Board. In Norfolk & W. R. Co. v. Harris, 260 Ky. 132, 84 S. W. 2d 69, the question of seniority rights being in issue, we pointed out that where an employee is unable to obtain proper relief by using the machinery provided within his labor organization, he has the right of appeal under the Federal Railway Labor Act.

While we do not go so far as to say that such proceeding is exclusive, it is available to appellant and af-

fords him a speedy and efficient remedy. The principle is well settled that a litigant will ordinarily be required to exhaust his administrative remedies before resorting to the courts for relief. See Phillips v. Southeastern Greyhound Lines, 306 Ky. 560, 208 S. W. 2d 43, and Natural Gas Pipeline Company of America v. Slattery et al., 302 U. S. 300, 58 S. Ct. 199, 82 L. Ed. 276.

It is our conclusion that appellant has an appropriate and adequate remedy under the Federal Railway Labor Act, and that he has failed to state facts which would justify the granting of extraordinary relief by way of mandatory injunction. Such being the case, demurrers were properly sustained to appellant's petition as amended.

For the reasons stated, the judgment is affirmed.