[redacted]

**R. F. RHINE, Plaintiff,**

**v.**

**UNION CARBIDE CORPORATION (Union Carbide Nuclear Company), Defendant.**

**Civ. A. No. 1229.**

United States District Court
W. D. Kentucky,
at Paducah.

July 25, 1962.

[redacted]

Francis T. Goheen, Paducah, Ky., for plaintiff.

Adrian H. Terrell, Paducah, Ky., for defendant.

SHELBOURNE, District Judge.

This action, presently before the Court on defendant's motion and amended motion to dismiss, was instituted by plaintiff R. F. Rhine in McCracken Circuit Court at Paducah, Kentucky, on December, 1, 1961. December 26, 1961, defendant Union Carbide Corporation filed its petition for removal of the action to this Court, alleging diversity of citizenship and requisite amount in controversy.

On December 1, 1959, the Kentucky Workmen's Compensation Board determined that R. F. Rhine, an employee of Union Carbide Corporation, suffered total and permanent disability from occupational disease and awarded him compensation therefor against his employer. The compensable period was made retroactive to the date disability began, December 5, 1956, and was to continue "until further orders of this Board, not to exceed however the maximum sum of $13,-600.00, or a period longer than 425 weeks."

The complaint in this action seeks judgment against the defendant in an amount equal to the difference between the plaintiff's straight time earnings of $100.80 per week and the weekly benefits received by him under the Kentucky Workmen's Compensation Law and his Employees' Group Insurance.

This action is based upon Article IX, Section 4, of the collective bargaining agreement between defendant Union Carbide Corporation and Local 7–550 of Oil, Chemical and Atomic Workers International Union, CIO, which provides:

"Any employee who is absent from work because of an occupational disability arising out of or in the course of his or her employment, unless purposely self-inflicted, or due to wilful misconduct, violation of plant rules, or refusal to use safety appliances, will be excused from work. When properly approved, an employee will be paid an amount equal to the difference between his straight time earnings and any payments received from Workmen's Compensation and Employees' Group Insurance provided he reports to the plant dispensary for treatment at or before his regular starting time each work day unless excused by the Medical Department."

The complaint alleges that during the period from December 4, 1956 to February 15, 1957, plaintiff was absent from work due to his occupational disability and was excused from reporting to the plant dispensary by defendant's medical department. He reported for work on February 15, 1957, he became ill, and was again excused by the medical department. On April 29, 1957, plaintiff's employment with the defendant corporation was terminated.

It is alleged that during the 10-week period from December 4, 1956 to February 12, 1957, defendant paid plaintiff "as much as" the difference between his straight time earnings of $100.80 per week and the payments he received from Workmen's Compensation and Employees' Group Insurance. However, during the 16-week period from February 12 to June 4, 1957, plaintiff claims that his compensation and insurance payments totaled $72.00 per week and that defendant has refused to pay the difference allegedly due under Article IX, Section 4, of the collective bargaining agreement.

Plaintiff alleges that during the 304-week period from June 4, 1957 to November 28, 1961, he received no payments from Employees' Group Insurance and that weekly compensation payments in the amount of $32.00 have not been supplemented by defendant in accordance with the collective bargaining agreement. Plaintiff seeks judgment for supplemental payments for a 302-week period up to November 28, 1961, and "for the sum per week from November 28, 1961 until further order of the Court, which is equal to the difference per week between $100.80 and any payments received by plaintiff from Workmen's Compensation and Employees' Group Insurance."

Defendant's original motion to dismiss for lack of jurisdiction is based upon plaintiff's failure to plead the exhaustion of contractual administrative remedies afforded by Articles XIII and XIV of the collective bargaining agreement. Its amended motion to dismiss is based upon the ground that plaintiff has not alleged an exhaustion of his remedies under the Labor-Management Relations Act, 29 U.S.C.A. § 151 et seq.

Article XIII of the collective bargaining agreement sets up the machinery for a three-step handling of grievances, and Article XIV provides for arbitration in the event the grievance is not settled during any of the steps of Article XIII.

Defendant contends that under the rule set forth in Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, the exhaustion of the grievance procedure set up in the collective agreement is a condition precedent to the instant litigation if the law of Kentucky requires such exhaustion in order to sustain plaintiff's cause of action.

In the Koppal case, plaintiff sought damages for an alleged wrongful discharge from employment. He did not undertake to exhaust his administrative remedies under the collective bargaining agreement but elected to sue immediately in the federal district court, basing jurisdiction upon diversity of citizenship. The complaint alleged an unlawful discharge in violation of a contract of employment made in Missouri and agreed by the parties to be a Missouri contract.

At page 661 of 345 U.S., at page 910 of 73 S.Ct. of its opinion affirming the district judge's dismissal of the complaint for plaintiff's failure to exhaust the remedies prescribed in his employment contract, the Supreme Court said:

"Where the applicable law permits his recovery of damages without showing his prior exhaustion of his administrative remedies, he may so recover, as he did in the Moore litigation [Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089], under Mississippi law.

"On the other hand, if the applicable local law, as in Missouri, requires an employee to exhaust his administrative remedies under his employment contract in order to sustain his cause of action, he must show that he has done so."

Defendant contends that under the law of Kentucky the administrative remedies provided in the contract must be exhausted before an action will lie on that contract. The cases of Tharp v. Louisville & Nashville RR Co., 307 Ky.

322, 210 S.W.2d 954, and Pennsylvania Co. v. Reager's Admr., 152 Ky. 824, 154 S.W. 412, 52 L.R.A.,N.S., 841, Ann.Cas. 1915B, 312, are cited in support of this contention.

The Tharp case sought a mandatory injunction and involved the Federal Railway Labor Act, 45 U.S.C.A. § 151 et seq. It is distinguishable on its facts from the case at bar.

The holding in the Pennsylvania Company case cannot be extended to the facts in the case at bar.

The plaintiff here relies largely upon the cases of Gatliff Coal Co. v. Cox, 6 Cir., 142 F.2d 876, and Kosley v. Goldblatt Bros., Inc., 7 Cir., 251 F.2d 558, cert. denied 357 U.S. 904, 78 S.Ct. 1148, 2 L.Ed. 2d 1155.

The Gatliff Coal Company case holds that the law of Kentucky makes invalid and unenforceable an agreement between parties to a contract to arbitrate all of the disputes thereafter to arise thereunder as constituting an attempt to oust the legally constituted courts of their jurisdiction.

In the case of United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, the Supreme Court makes the question of arbitrability a question for the courts and not for arbitrators.

The Sixth Circuit Court of Appeals, in Vulcan-Cincinnati, Inc., v. United Steelworkers of America, 289 F.2d 103, held that an alleged violation of a non-strike clause in an agreement is not arbitrable.

At page 560 of its opinion in Kosley v. Goldblatt Bros., Inc., supra, the Seventh Circuit Court of Appeals said:

"An employee has always had a right to bring suit in a court to recover wages claimed to be owing him from his employer. As the court said in Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 460, 75 S. Ct. 489, 500, 99 L.Ed. 510: 'The employees have always been able to enforce their individual rights in the state courts.' Such an action is based upon a hiring contract between the employer and the employee. While the contract between the employees' union and the employer may determine the rate of wages of an employee, the latter's right of action is not superseded by the employer-union agreement. An employee may enforce his claim for back wages by suing in a state court, or *in a federal court where there is present diversity of citizenship and the required amount is involved.*" (Emphasis added.)

Presently, there is no dispute between the parties to this action which could be the subject of arbitration. The plaintiff is seeking to recover a sum in excess of the amount necessary to confer jurisdiction in a diversity action. The defendant, in removing the action from McCracken Circuit Court, alleges that diversity of citizenship and the requisite amount in controversy exist. What is sought to be recovered arises out of plaintiff's individual contract of employment because it was a provision of his employment negotiated in accord with the conditions of the bargaining agreement.

The Workmen's Compensation Board in a decision now become final has determined (1) that plaintiff's occupational disability arises out of his employment and (2) the amount payable under the provisions of the governing compensation law.

To arbitrate the effect of plaintiff's contract with his employer agreeing to pay him the difference between his straight time pay and his compensation awards would be the arbitration of a legal question properly for the courts.

IT IS ORDERED that the motion as amended of the defendant to dismiss this action for lack of jurisdiction be and same is hereby overruled.