**W. T. GRANT COMPANY, Appellant,**

v.

**INDIAN TRAIL TRADING POST, INC., and F. W. Woolworth Company, Appellees.**

Court of Appeals of Kentucky.

Nov. 29, 1968.

Rehearing Denied March 28, 1969.

Leo T. Wolford, Eugene B. Cochran, Louisville, Robert J. Kelly, New York City, Middleton, Seelbach, Wolford & Cochran, Louisville, for appellant.

Sam Manley, III, Herman E. Frick, M. Brooks Senn, Bullitt, Dawson & Tarrant, Louisville, for appellees.

PALMORE, Judge.

W. T. Grant Co. v. Indian Trail Trading Post, Inc., Ky., 423 S.W.2d 251 (1968), held that the appellant, W. T. Grant Company (hereinafter Grant) was entitled to injunctive relief to prevent the appellee, F. W. Woolworth Company (hereinafter Woolco), from using those portions of its building at Indian Trail Trading Post Shopping Center in Louisville which lie outside the spaces designated on a plat of the shopping center for future buildings. As it happens, the Woolco building covers two of the sites so designated, together with the space between them. The chancellor entered a judgment dividing the building into two areas and enjoining Woolco from using one of those areas, consisting of 39,035 square feet, except for a 4-month period of time allowed for reconstruction purposes. Subsequent orders provided that the latter period shall not commence until the mandate is issued on this appeal.

Contending that the new judgment did not comply with the opinion and mandate on the first appeal, Grant brought an original action in this court for an order of mandamus requiring the chancellor to enter a judgment in accordance with the first opinion and mandate. Our final disposition of the mandamus proceeding was in the form of an opinion and order as follows:

"The judgment entered by the respondent, the Honorable Marvin J. Sternberg, is not found to be inconsistent with the opinion and the mandate of this court referred to in the petition for writ of prohibition [sic]. The action of the respondent does not appear to be an abuse of discretion as the situation is presented by affidavits filed before the respondent.

"Accordingly it is ordered that the petition for writ of mandamus be and the same is hereby dismissed. This 16th day of April 1968."

The case now comes before us on a direct appeal by Grant from the new judgment and from the subsequent orders delaying enforcement of injunctive relief.

We have examined the pleadings in the mandamus proceeding and are unable to avoid the conclusion that they presented the same issue with respect to the judgment as now presented on this appeal. Hence that issue has been litigated and finally settled and cannot be reconsidered. "A final decision of this Court, whether right or wrong, is the law of the case and is conclusive of the questions therein [sought to be] resolved. It is binding upon the parties, the trial court, and the Court of Appeals." Martin v. Frasure, Ky., 352 S.W.2d 817, 818 (1962).

The extensions of time given Woolco in which to make ready for compliance with the injunction are, it seems to us, well within the discretionary province of the chancellor. Cf. Gregory v. Crain, 291 Ky. 194, 163 S.W.2d 289 (1942).

Grant contends that to date Woolco has not ceased using any portion of its building as before, and that the net result of the judgment and orders thus far entered is to impair the obligation of Grant's contract and to violate its rights under the 14th Amendment of the U. S. Constitution. However, when a litigant selects an equitable remedy he necessarily submits the enforcement of his rights to the traditional discretionary powers of equity. Cf. Bartman v. Shobe, Ky., 353 S.W.2d 550, 555 (1962).

In a cross-appeal Woolco complains that the judgment does not specify that there is no vertical restriction on its use of the "permitted" area and that the "prohibited" area may be used for any purpose that would be permissible if it were not under roof. Unless and until an actual controversy develops in one or both of these respects we do not think it is incum-

bent on the trial court to make a prospective or declaratory ruling.

The judgment and orders are affirmed.

MONTGOMERY, C. J., and HILL, MILLIKEN and WILLIAMS, JJ., concur.

STEINFELD, J., not sitting.