**JEFFERSON COUNTY BOARD OF EDUCATION et al., Appellants,**

v.

**The COURIER–JOURNAL et al., Appellees.**

Court of Appeals of Kentucky.

May 6, 1977.

Jo M. Ferguson, Grafton, Ferguson, Fleischer & Harper, E. Preston Young, Louisville, for appellants.

Edgar A. Zingman, Jon L. Fleischaker, Wyatt, Grafton & Sloss, Louisville, for appellees.

Before HOWARD, LESTER and WIL-HOIT, JJ.

LESTER, Judge.

The Courier-Journal and Louisville Times in its suit against the Jefferson County Board of Education alleged that the Board, in holding a closed meeting on June 2, 1975, had violated the *open meetings of public agencies law*, KRS 61.805, *et seq.*, and requested the court to declare all action taken at the meeting void and to enjoin the Board from holding future closed sessions on certain topics discussed at the meeting. After a consideration of the stipulations, the court granted the injunction and declared all final action void and the remainder of the proceedings voidable with the exception of discussions relating to pending litigation. The Board has appealed.

The main points of contention in this appeal have centered on the adequacy of notice required by KRS 61.815 before a closed session can be held on select topics and the coverage of certain of the enumerated exceptions to open meetings in KRS 61.810. The appellants have also raised as an issue the propriety of the relief granted.

In response to the open meetings law, the Board, on October 28, 1974, adopted a resolution which announced that due to the quantity of work that it discharged, the Board would on the fourth Monday of each month go into closed session. The Board in attempting to comply with its understanding of the notice the law required as to the matters which it would discuss, drafted the resolution to basically restate the exceptions to open meetings provided for in KRS 61.810 and gave the reasons for the closed sessions in equally general terms. On June 2, 1975 during the course of a regular meeting, the Board acted affirmatively on a motion to hold a closed meeting "to discuss property and negotiations." We can briefly state what took place at that session. Ron Barber, Associate Superintendent of Personnel, reported on contract negotiations between the Board and the two associations representing the teachers, the Jefferson County Teachers Association and the Louisville Education Association. He referred to the proposed merger of the two associations and recommended to the Board that negotiations take place so that all the employees would have an in-put. The Board then discussed the possible sale of Channel 15. E. Preston Young, counsel for the Board, advised that the operating corporation, Kentuckiana Public Television, could not be dissolved until the corporation paid all its debts which included certain debts involved in litigation between the corporation and Adams House. The Board also agreed that a letter be sent to employees of Channel 15 informing them that their position would be eliminated at the next meeting if the Board should vote to cut off funding for KPTC. Finally, the Board considered a proposal by the University of Louisville to purchase or lease the Omar Carmichael Elementary School property and decided to ask authorized officials of the University of Louisville to meet with them on June 23, 1975, to discuss the sale of the property. The closed meeting adjourned and the meeting reconvened in open session.

Some forty-seven jurisdictions have adopted the so-called open meeting or sunshine statutes which are designed to require governmental agencies to conduct the public's business in such a way that the deliberations and decisions are accomplished in an atmosphere wherein the public and the media may be present. Although a minority of the states require that all meetings of every public body shall be "open" without regard to subject matters and providing for

no closed sessions, Kentucky has elected to take the approach of enumerating exceptions to disclosure.

From the standpoint of legal development, open meeting laws are relatively new to American Jurisprudence and we are not afforded the benefit of ample precedent from within or without the Commonwealth. There are no legislative committee reports, no studies by the Legislative Research Commission and but one published opinion, *City of St. Matthews v. Voice of St. Matthews*, Ky., 519 S.W.2d 811 (1974) dealing with the sunshine statutes. Nevertheless, we will attempt to fulfill our function in interpreting the law, limiting ourselves therein to analyzing and applying what the legislature has said without psychoanalyzing that body and applying what it may have meant to say. *Apache Coal Co. v. Fuller*, Ky., 541 S.W.2d 933, 935 (1976).

█ Among the exceptions to the open meetings law set forth in KRS 61.810 are subsections (2), acquisition or sale of real property when value would be affected; (5), collective bargaining negotiations, and (6), hearings which might lead to the appointment, discipline or dismissal of an individual employee or member if the employee or member does not request a public hearing. In order to conduct a closed meeting concerning the preceding exceptions, a public agency such as the appellant Board of Education, must give notice thereof in regular open meeting of the general nature of the business to be discussed and the reason therefor, KRS 61.815(1), after the adoption of a duly carried motion for that purpose made in open, public session, KRS 61.815(2). These are conditions precedent to holding the executive meeting. As the court below determined, there is no requirement that the corporate appellant and its governing body give notice of an executive session in order to confer with their attorneys concerning proposed or pending litigation. This is expressly excluded by the terms of the statute and moreover, this involves the attorney-client relationship. However, nothing said herein should be construed as to mean that anytime the public agency has

its attorney present that it can go into closed session. The appellant contends that under KRS 61.810(6) the discussion in private meeting of terminating the expenditure of funds on the educational television station operated by appellant and the attendant potential dismissal of all Channel 15 employees should be excepted from the open meetings law. The discussion, however, dealt only with a general personnel matter and accordingly, was not the proper subject of a closed session.

█ In reference to subsection (2) allowing discussions of future acquisition or sale of real property, we observe that the drafters of KRS 61.810 provided that this type of deliberation could be held only when publicity would be likely to affect the value of a specific piece of property and we know of no instance where publicity would not have a possible effect upon realty values but in the instant case, it is at once apparent that the notice given in the open meeting preparatory to the closed session was merely "property and negotiations." This falls short of subsection (1) of KRS 61.815, for the term "property" fails to reveal whether it is real or personal, for purchase or for sale or whether publicity would affect its value. In order to fully comply with the two statutes, the notice should have contained information that the Board of Education intended to conduct an executive session for the purpose of discussing the sale or acquisition (in this instance a potential sale or lease) of real property and that the reason for privacy was due to the fact that publicity at the deliberation stage might be likely to affect the value.

█ The scope of coverage of KRS 61.810(5) which allows confidential meetings for collective bargaining negotiations between public employers and their employees does not embrace everything tangential to the topic. Collective bargaining negotiations means the settling of disputes by negotiation between employer and the representatives of the employees. *United Construction Workers v. Haislip Baking Co.*, 223 F.2d 872, 877 (4th Cir. 1955). We do not believe that the legislature intended "re-

ports" or status briefings on labor negotiations to be held in privacy and that is exactly what the record herein indicates, namely, that Associate Superintendent Ron Barber reported on the status of a proposed contract between the Board and two teachers associations and further "recommended to the Board that negotiations *should take place*". It is at once evident that appellant was not in the process of negotiations and that that segment of the meeting was not an exception as contemplated by KRS 61.-810(5). On the other hand, whenever a public agency is *formulating* its demands or position *preparatory* to collective bargaining negotiations, either by way of deliberations or instructions to its advocates, then we believe these types of sessions are within the purview of KRS 61.810(5). See Recchie and Chernoski, Government In The Sunshine: Open Meeting Legislation In Ohio, 37 *Ohio State L.J.* 497, 511 (1976).

■ Appellants contend that the notice that they would discuss "property and negotiations" given immediately before the closed session when viewed in the context created by the broader notice contained in the Resolution of October 28th, substantially complied with KRS 61.815 and that KRS 61.830 makes substantial compliance sufficient. We note at the outset that KRS 61.830 refers to when formal action becomes voidable and does not limit the court from granting other appropriate relief under KRS 61.845 nor does it sanction avoidance of any of the statutory procedures. It would thwart the thrust of the legislative direction on open meetings to allow a one time notice for periodic closed sessions. Such a notice, as in this case, could only parrot the language of the statutory exceptions and for the most part, this would not be adequate to give "the general nature of the business to be discussed . . . and the reason for the closed session". Also, a regularly scheduled closed meeting avoids the clear implication of KRS 61.810 and 61.815 that a private gathering of members of a public agency such as a school board should be the exception. We hold therefore, that KRS 61.815 instructs that notice must come prior to every closed session in regular open meeting and supply the general nature of the business to be considered and the reason for the secrecy.

■ We can see no reason to greatly disturb the remedy the trial court fashioned. The court enjoined the appellants from violations of the law based on its findings. Therefore, in light of that court's findings, the injunction prohibits the Board and its members from conducting or participating in a closed session to discuss the purchase of the Omar Carmichael School property by the University of Louisville without complying with KRS 61.815, disposition of Channel 15 with the exception of pending litigation in the case of *Stephens v. Adams House* and any other matter which relies on the October 28th Resolution to provide the correct notice. The court remained within the authority supplied it by KRS 61.845 in granting this type of relief. So long as the Board and its members make a good faith effort to obey, they need not fear contempt. To the extent that the lower court would have allowed a closed conference for status reports not preparatory to collective bargaining negotiations, we reverse. The court also voided all final action taken by the Board at the closed session of June 2, 1975, while adjudging all other actions voidable. Although we have some difficulty in discerning the action set aside, since nothing of consequence occurred at the meeting, it will not be necessary for us to explore this point. We believe this opinion will furnish the parties with sufficient guidance on the issues raised.

We affirm the judgment in so far as it is consistent with this opinion.

All concur.