**FISCAL COURT OF JEFFERSON COUNTY, Kentucky, et al., Appellants,**

v.

**The COURIER–JOURNAL AND LOUISVILLE TIMES COMPANY et al., Appellees.**

No. 75–616.

Supreme Court of Kentucky.

June 10, 1977.

J. Bruce Miller, Jefferson County Atty., Eugene L. Mosley, Asst. County Atty., Louisville, Charles Sandmann, Louisville, for appellants.

Edgar A. Zingman, Jon L. Feischaker, Wyatt, Grafton & Sloss, Louisville, for appellees.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Jefferson Circuit Court which interpreted, applied and enforced the "Kentucky Open Meetings Law", KRS 61.805 et seq. The trial court:

(1) Declared void telephone votes of the Jefferson Fiscal Court which promoted and set the salary of a county employee and which approved the lease by the county of real estate for the use of the Social Services Department.

(2) Declared illegal the September 12, 1974 closed meetings of the Jefferson Fiscal Court which were held at a luncheon at the Louisville Boat Club and thereafter on a boat. The specific topics of the meeting were the continuing effort of the County Police to have the Fraternal Order of Police recognized as their bargaining agent, the operation of the Park and Recreation Department and the Belle of Louisville, and the potential acquisition of Twelve Mile Island by the county.

(3) Declared illegal the September 24, 1974 closed meeting of the Jefferson Fiscal Court with the County Attorney. The specific topics of the meeting were a draft of a proposed county ordinance prepared by the County Attorney which would permit electioneering near the polls and the implied threat of legal action by the League of Women Voters.

(4) Enjoined the members of the Fiscal Court "from conducting or participating in any further meetings held in violation of the law relating to open meetings. KRS 61.805 et seq."

We affirm in part and reverse in part.

■ The first three actions of the trial court, except as to the discussion of proposed litigation by the League of Women Voters, are amply supported by the decision of the Court of Appeals in *Jefferson County Board of Education v. The Courier-Journal and Louisville Times Company*, Ky.App., 551 S.W.2d 25 (1977). We approve of both the reasoning and result of that opinion. We perceive no need to reinvent the wheel by restating the principles enumerated there. To this extent the trial court was not in error.

■ *Jefferson County Board of Education,* supra, makes it clear that public bodies may discuss proposed or pending litigation with their counsel in executive session. Consequently, to the extent that the meeting of September 24 dealt with the implied threat of legal action by the League of Women Voters it was not illegal. The decision of the trial court to the contrary was erroneous.

■ Implicit in *Jefferson County Board of Education,* supra, is the ancient requirement of equity jurisprudence that an injunction be neither too broad nor too vague. CR 65.02(1) sets the standard in the following language:

"Every . . . injunction shall be specific in terms and shall describe in reasonable detail, and not by reference to the complaint or other document, the act restrained or enjoined."

There is no escape from the conclusion that this language is mandatory. *Mayflower Indus. v. Thor Corp.,* C.A.3d, 182 F.2d 800 (1950), cert. den., 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342. The injunction granted by the trial court does no more than direct the members of the Fiscal Court to obey the "Kentucky Open Meetings Law", KRS 61.-805, et seq.

■ An injunction ought not enjoin in general terms the violation of the Interstate Commerce Act. *Russell C. House Transfer & Storage Co. v. U. S.,* C.A. 5th, 189 F.2d 329 (1951). Blanket injunctions against general violation of a statute are repugnant to the American spirit and should not lightly be either administratively

sought or judicially granted. *Beatty v. U. S.,* C.A. 8th, 191 F.2d 317 (1951). The mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings if he shall at any time in the future commit some new violation unlike and unrelated to that with which he was originally charged. *NLRB v. Express Pub. Co.,* 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930 (1941).

The injunction here is no more than the affirmative side of the negative injunction in *Schmidt v. Lessard,* 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974) which simply told the defendants not to enforce "the present Wisconsin statutory scheme" for mental health commitment. That injunction blew away in the following judicial wind:

"As we have emphasized in the past, the specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood. *International Longshoremen's Assn. v. Philadelphia Marine Trade Assn.,* 389 U.S. 64, 74–76, 88 S.Ct. 201, 206–208, 19 L.Ed.2d 236, *Gunn,* supra, at 388–389. See generally 7 J. Moore, Federal Practice ¶ 65.11; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2955. Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed. . . ."

The injunction here was not narrowly drawn as was that in *Jefferson County Board of Education,* supra. It is both overbroad and vague. See Developments in the Law—Injunctions, 78 Harv. Law Rev. 994, 1064 (1965). It was erroneously granted.

The other assignments of error are so patently without merit as to obviate the necessity for discussion.

The judgment is affirmed in part and reversed in part, and the cause is remanded with directions to enter a new judgment in conformity herewith.

All concur.