**E.W. SCRIPPS COMPANY (Now Scripps Howard, Inc.), d/b/a the Kentucky Post, Appellant,**

v.

**CITY OF MAYSVILLE, Appellee.**

**No. 89–CA–398–MR.**

Court of Appeals of Kentucky.

May 25, 1990.

Richard G. Meyer, Whitney Dunlap III, Covington, Mark D. Guilfoyle, Cincinnati, Ohio, for appellant.

Robert G. Zweigart, Maysville, for appellee.

Before GUDGEL, HAYES and REYNOLDS, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Mason Circuit Court. The sole issue is whether the court erred by adjudging that The Kentucky Post is not entitled to advance notice of special commission meetings called by the city of Maysville. We reverse and remand.

This action arose as a result of a denial of a request made by appellant, E.W. Scripps Company, d/b/a The Kentucky Post (The Post), to be notified of special meetings called by the Maysville City Commission. Appellant filed a declaration of rights action against appellee, the city of Maysville, seeking a determination that it was a "local newspaper of general circulation" and thus was entitled to be notified of special meetings of the Maysville City Commission under KRS 61.825(1), the Kentucky Open Meetings Act. The city argued that The Post was not a local newspaper of general circulation in Mason County or Maysville and urged that the requirements of KRS 61.825(1) were met by notifying The Ledger–Independent, a daily newspaper with offices in Maysville, and WFTM, a radio station with offices in Maysville.

On February 1, 1989, the court adjudged that the city did not have to honor the request of The Post to be notified of special meetings because The Post was not a local newspaper of general circulation within the meaning of KRS 61.825(1). This appeal followed.

Appellant urges that the court's narrow interpretation of KRS 61.825(1) is inconsistent with the purpose of the Kentucky Open Meetings Act. We agree.

KRS 61.825(1) provides as follows:

*A special meeting may be called* at any time by the presiding officer of the public agency or by a majority of the members of the governing body of the public agency *by delivering* personally or by mail written *notice* to each member of the public agency and *to each local newspaper of general circulation*, each news service and each local radio or television station which has on file with the public agency a written request to be notified of special meetings. Said notice of a special meeting must be delivered personally or by mail at least twenty-four (24) hours prior to the time of such meeting as specified in the notice. If time does not permit giving twenty-four (24) hour notice, then notice that is reasonable under existing circumstances and is calculated to inform the public shall be given to the news media and the public. (Emphasis added.)

Because the Act does not define what is meant by a "local newspaper of general circulation," we must construe this phrase in light of the intent of the legislature and in accord with the common usage of the words. KRS 446.080(1) and (4).

The legislative intent of the Open Meetings Act, KRS 61.805–.850, is found in the preamble to the 1974 Kentucky Acts, Chapter 377, as follows:

AN ACT relating to meetings.

WHEREAS, it is the policy of the Commonwealth that the formation of public policy is public business and may not be conducted in secret; and

WHEREAS, the Legislature finds and declares that public agencies in this Commonwealth exist to aid in the conduct of the public's business; and

WHEREAS, the people of this Commonwealth do not yield their sovereignty to the agencies which serve them; the people, in delegating authority, do not give their public servants the right to decide what is good for the public to know and what is not good for them to know; the people insist on remaining informed so they may retain control over the instruments they have created;

Clearly, the intent of the legislature in enacting the Open Meetings Act was to ensure that the people of the Commonwealth are given advance notice of meetings conducted by public agencies.

With this purpose in mind, we turn to a consideration of what the legislature meant by using the words "local" and "general" in KRS 61.825(1). The word "local" is defined in Webster's New Collegiate Dictionary (1976) as "primarily serving the needs of a particular limited district." The word "general" is defined as "involving or applicable to the whole."

The Post is a daily newspaper with offices in Covington, some 65 miles from Maysville. Its area of news coverage and dissemination is limited to the 12 northern most counties of Kentucky, including Mason County and Maysville. Evidence was adduced showing that as of March 1987 the circulation of The Post was as follows:

| | |
|---|---|
| Boone | 8,647 |
| Bracken | 325 |
| Campbell | 13,772 |
| Carroll | 164 |
| Gallatin | 409 |
| Grant | 1,677 |
| Harrison | 123 |
| Kenton | 20,459 |
| Mason | 344 |
| Owen | 135 |
| Pendleton | 882 |
| Robertson and other miscellaneous counties | 87 |

Some 300 of the 344 subscribers in Mason County live in Maysville, which has a population of some 8,000.

The Post employs one full-time reporter whose nine-county "beat" includes Maysville and Mason County, and The Post also employs two news correspondents who live in Maysville. There are seven other reporters responsible for covering specialized topics in Maysville. Although there is some dispute as to the number and regularity of stories which appear in The Post about Mason County and Maysville, The Post amply demonstrated its interest in covering Mason County news on a daily basis.

■ Even though only six percent of the estimated 5,700 households in Mason County had paid subscriptions to The Post in March 1987, The Post also is available at newsstands and at convenience stores. Moreover, we do not think that the number of subscriptions is the controlling factor in determining whether a newspaper has a general circulation. Indeed, by relying on a "numbers game" to decide if a newspaper has "general circulation" in a particular area, the clear purpose of the Act could be frustrated. We agree with appellant that the legislature intended to maximize notice of public meetings when it enacted the Kentucky Open Meetings Act.[1]

■ We hold that to be entitled to notice of special meetings, a newspaper must show that it serves a limited geographical area and that its coverage of news in a particular city or county is regular and intensive.

Clearly, The Post is a local newspaper because it is distributed within a limited 12–county region which includes Maysville and Mason County. Secondly, The Post has general circulation because it provides more than random coverage of news of Maysville and Mason County. Indeed, The Post demonstrated that it gathers and reports economic, educational, sports, human interest, government and court news at the local level.

We are not persuaded by the city's argument that we will open the floodgates by

---

1. Appellant points out that "the present quandary has been averted" in other states by requiring in their open meetings statutes that advance notice be given "to all" or "to any requesting news media." Indeed, KRS 61.825(1) requires notice to "each news service" and to "each local radio and television station" which have filed a written request. We therefore fail to perceive why the legislature would unduly restrict the newspapers which are entitled to notice.

determining that The Post is entitled to notice under KRS 61.825(1). Nor do we find that the notice requirements for holding special meetings are burdensome or that the actions of the city commission will be in jeopardy if we give a liberal construction to KRS 61.825(1). Indeed, KRS 446.-080(1) provides that "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature...." Moreover, KRS 61.825(2) does not require notice in certain emergency situations. In any event, if time does not permit giving 24-hour notice, then all that is required by KRS 61.825(1) is notice which is reasonable under the circumstances.

The court's judgment is reversed, and this action is remanded for entry of a judgment consistent with the views expressed in this opinion.

All concur.