FLOYD COUNTY BOARD OF EDU-
CATION; Stephen Towler, Superinten-
dent; Eddie Patton, Member; Hattie C.
Owens, Member; Robert Isaac, Member;
and Brent Clark, Member, Appellants,

v.

Wayne RATLIFF; Tommy Thompson;
and Pete Grigsby, Appellees.

No. 95–SC–1095–DG.

Supreme Court of Kentucky.

Nov. 20, 1997.

Clifford B. Latta, Jerry A. Patton, Prestonsburg, for Appellants.

Earl M. McGuire, Prestonsburg, for Appellees.

WINTERSHEIMER, Justice.

This appeal by the Floyd County Board of Education, its Superintendent, and individual Board members, is from a decision by the Court of Appeals which reversed the Floyd Circuit Court. The case involves alleged violations of the Kentucky Open Meetings Act, KRS 61.800 through KRS 61.850, and specific exemptions for executive sessions contained in KRS 61.810(1).

The trial court determined that the executive sessions were lawful. The Court of Appeals reversed and held that the Board violated the Kentucky Open Meetings Act by holding private meetings of a public body in order to discuss and agree upon a general school reorganization policy.

The Board of Education and its members argue that the Court of Appeals committed reversible error in finding that the trial court was clearly erroneous in determining that the Board of Education had not violated the Open Meetings law and that the Court of Appeals erred by making a finding of fact which essentially issued a summary judgment against the Board of Education. Ratliff, Thompson and Grigsby respond that injunctive relief was proper and that the Court of Appeals was correct in holding that the actions of the Board violated the Open Meetings law.

The Floyd County Board of Education was contemplating reorganization of the central staff of the school board. Ratliff, Thompson and Grigsby, employed as school administrators, stood to lose their positions depending upon which reorganization plan was adopted. The latter part of 1992 and the first half of 1993 was a difficult time for the Board. The Superintendent had been removed by the Kentucky Department of Education; the Board Chairman had resigned after removal charges had been brought by the same body; a board member had resigned because of a stroke and due to similar charges, and a massive investigation by the Kentucky Department of Education had created a voluminous statement of deficiencies which required corrections by the Board.

On March 25, 27 and 30, and April 3, 1993, the Board held a number of meetings in connection with the reorganization of the central office of the Board. The Board went into "executive" or closed-to-the-public sessions. The minutes of the meetings indicate that the purpose of the secret sessions was to be "personnel" matters. Immediately following the final executive session on April 3, the Board resumed its open meeting and voted unanimously to adopt the proposed central office reorganization plan which eliminated the administrative positions of Ratliff, Thompson and Grigsby. Each of the administrators received a letter dated April 5, 1993, from the superintendent informing them that their administrative positions had been abolished. The three administrators then appealed these actions to the Board by letter dated May 12, 1993, pursuant to KRS 61.846. The letter challenged the validity of using the "personnel" exception to the Open Meetings Act under the circumstances, as well as the power of the Board, under the Kentucky Education Reform Act, to demote or discharge school employees. The Board declined to rescind the reorganization plan or

reinstate the former employees. Just before the meeting of April 3, 1993, the administrators circulated copies of a complaint which they indicated they were contemplating filing in the United States District Court. It is now acknowledged that the Board discussed the reorganization plan. A number of lawsuits were later filed challenging the reorganization.

At a hearing before the circuit judge, the Board took the legal position that it closed the meeting in order to discuss pending litigation, that is, the potential suit of the appellees. The Board acknowledged that the school board attorney was not present at the secret meetings.

The circuit judge found that there were no material issues of fact, but only questions of law, and there were no evidentiary hearings conducted by the trial court. The trial judge ruled that the Board could go into closed session pursuant to the pending litigation exception and that the administrators were not suffering any irreparable injury. He determined that they had an adequate remedy at law and were not entitled to injunctive relief. The Court of Appeals reversed, holding that the three employees did not need to show that they did not have an adequate remedy at law because the Open Meetings statute specifically contained provisions which allowed them to proceed by injunction. KRS 61.848(1). The Court of Appeals also rejected the claim of a discussion of potential litigation and stated that the Board could not go into closed session in order to engage in a general discussion about personnel matters. This Court accepted discretionary review.

I

We affirm the decision of the Court of Appeals and determine that the panel was correct in holding that the actions by the school board and its members violated the Open Meetings laws. KRS 61.805 et seq.

KRS 61.805 requires that "all meetings of a quorum of the members of any public agency at which any public business is discussed or any action is taken by the agency, shall be public meetings, open to the public at all times...." KRS 61.810(1). A meeting has been defined as "all gatherings of any kind, regardless of where the meeting is held." KRS 61.805(1). School boards and the members of such boards are considered public agencies under the act. KRS 61.810(2)(c).

■ The express purpose of the Open Meetings Act is to maximize notice of public meetings and actions. The failure to comply with the strict letter of the law in conducting meetings of a public agency violates the public good. *See E.W. Scripps Co. v. City of Maysville,* Ky.App., 790 S.W.2d 450 (1990).

There are certain narrowly defined exceptions to the Open Meetings Act found in KRS 61.810(c):

Discussions of proposed or pending litigation against or on behalf of the public agency;

. . .

(f) Discussions or hearings which might lead to the appointment, discipline or dismissal of an individual employee, member, or student, without restricting that employee's, member's or student's right to a public hearing if requested. This exception shall not be interpreted to permit the discussion of general personnel matters in secret.

The General Assembly has clearly stated its legislative intent in regard to closed, executive or secret meetings. It is set forth in KRS 61.800:

The General Assembly finds and declares that the basic policy of KRS 61.805 to 61.850 is that the formation of public policy is public business and shall not be conducted in secret and the exceptions provided for KRS 61.810 or otherwise provided for by law shall be strictly construed.

■ Consequently, the courts of the Commonwealth must narrowly construe and apply the exceptions so as to avoid improper or unauthorized closed, executive or secret meetings.

■ There are no specific Kentucky cases or statutes relating to the scope of the "pending litigation" exception which is found in KRS 61.810(1)(c). We agree with the Court of Appeals that the drafters of this legislation

clearly envisioned that this exception would apply to matters commonly inherent to litigation, such as preparation, strategy or tactics. Obviously, anything that would include the attorney-client relationships would also fall within this exception. The statute expressly provides that the litigation in question need not be currently pending and may be merely threatened. However, the exception should not be construed to apply "any time the public agency has its attorney present" or where the possibility of litigation is still remote. *See Jefferson County Board of Education v. The Courier-Journal,* Ky.App., 551 S.W.2d 25 (1977). As properly noted in *Jefferson County Board of Education, supra,* the matters discussed under KRS 61.810(1)(c) must not be expanded to include general discussions of "everything tangential to the topic."

■ A careful review of the circumstances and record indicates that the Board went into executive session to consider the reorganization plan and not pending litigation. The discussion expanded the intended scope of the litigation exception and improperly concealed matters otherwise appropriate to the view of the public. The argument by the Board that everyone knew that the Board was forced into executive session by threatened litigation is contradictory to the clear statement of the minutes which identifies only "personnel" as the specific reason for going into secret session. The depositions of several of the members of the Board indicate that they talked about general reorganization and restructuring of the central administrative office, but none of the depositions indicated that the reason for the closed meetings was to deal with proposed or pending litigation.

The personnel exemption to the Open Meetings Act does not allow a general discussion concerning a school reorganization plan when it involves multiple employees. KRS 61.810(1)(f). *Reed v. City of Richmond,* Ky.App., 582 S.W.2d 651 (1979), held that a closed meeting discussion of matters affecting more than one employee, even if the facts of each case were the same, is improper. Here, the Board argues that there was substantial compliance with the law because of the so-called veiled threats of potential litigation which justified the secret meeting, and that there was some kind of substantial compliance with the exception. We cannot agree. As noted earlier, the exceptions provided by KRS 61.810 must be strictly construed.

■ KRS 61.815 provides that prior to going into an executive session, the public body must state the specific exception contained in the statute which is relied upon in order to permit a secret session. There must be specific and complete notification in the open meeting of any and all topics which are to be discussed during the closed meeting. In this case, the minutes of the Board do not reflect any mention of the "proposed or pending litigation" exception to the Open Meetings Act. The specific reason given for a closed session must be the only topic of discussion while the Board convenes in such a secret session. *See Fiscal Court v. Courier Journal and Louisville Times Co.,* Ky., 554 S.W.2d 72 (1977); *Jefferson County Board of Education, supra,* at 28.

We agree with the language written by then Court of Appeals Judge Johnstone and concurred in by the panel composed of Judges Schroder and Wilhoit that "the exceptions to the open meetings laws are not to be used to shield the agency from unwanted or unpleasant public input, interference or scrutiny. Unfortunately, we believe that is precisely how they were used in this case."

■ Discussions between Board members concerning matters not identified in the open meeting with proper notice are a violation of the Open Meetings Act and constitute illegal conduct. *Beckham v. City of Bowling Green,* Ky.App., 743 S.W.2d 858 (1987). Thus, any action taken as a result of the secret discussions are voidable by this Court. The mere fact that no objection was made by the public at the time the Board went into executive session cannot be used as an excuse for the improper discussion during the secret session. There is no requirement of public objection found in the statute.

## II

The argument by the Board that the Court of Appeals acted as a trier of fact in rendering its opinion is without merit. The contention by the Board that this case should be remanded for presentation of additional facts was not properly preserved for appellate review. The circuit court and the Court of Appeals both concluded that no question of fact exists. The only issue before this Court is whether the statutes requiring open meetings were violated by the Board.

██ The interpretation of a statute is a matter of law. A reviewing court is not required to adopt the decisions of the trial court as to a matter of law, but must interpret the statute according to the plain meaning of the act and in accordance with the legislative intent. When reviewing a question of law rather than a question of fact, the reviewing court has a greater latitude to determine whether the findings of the trial court were supported by evidence of probative value. *Uninsured Employers' Fund v. Garland*, Ky., 805 S.W.2d 116 (1991).

## III

██ Finally, the request for injunctive relief was proper in this case. KRS 61.848, in pertinent part, states that where alleged violations of the Open Meetings Act occur, the circuit court shall have jurisdiction to enforce the provisions of KRS 61.805 to 61.850 as they pertain to the public agency "by injunction or other appropriate order on application of any person." Ratliff, Thompson and Grigsby were not required to demonstrate that they had no adequate remedy at law in their request for an injunction. *Cf. Tharp v. Louisville & Nashville Railroad Co.*, 307 Ky. 322, 210 S.W.2d 954 (1948). The Court of Appeals was correct in determining that the circuit judge erred by holding otherwise.

It is the holding of this Court that the Floyd County Board of Education and its members violated the Kentucky Open Meetings Act, specifically KRS 61.810(1) on March 30 and April 3, 1993. Accordingly, all such actions taken regarding the central office reorganization are voidable pursuant to KRS 61.848(5). It was reversible error for the circuit court to find that the actions of the Board were authorized under the "pending litigation" exception to the Open Meetings Act, KRS 61.810(1)(c).

The decision of the Court of Appeals is affirmed and this matter is remanded to the Floyd Circuit Court for further proceedings consistent with this opinion and KRS 61.848.

COOPER, GRAVES, LAMBERT and WINTERSHEIMER, JJ., and EUGENE L. MOSLEY and CYNTHIA E. ELLIOTT, Special Justices, concur.

JOHNSTONE and STUMBO, JJ., not sitting.

STEPHENS, C.J., dissents by separate opinion.

STEPHENS, Chief Justice, dissenting.

I would reverse. Any discussion of specific personnel matters and litigation is exempt from the Kentucky Open Meetings Act. Simply because an attorney was not present in the closed meeting, does not justify an inference that litigation was not discussed. Furthermore, prior to the meeting, appellee's did threaten a lawsuit.

Although there was no formal hearing, relative to the open meeting exception, the trial court did have evidence upon which to base its finding of fact. It is clear to me, as it was clear to the trial court, that even though the closed session was called primarily to discuss personnel matters, the threatened lawsuit was also discussed.

For the foregoing reasons, I would reverse the Court of Appeals and affirm the ruling of the trial court.