Ira **KILBURN**, Appellant,

v.

C. C. **COLWELL**, City Manager et al., Appellees.

Court of Appeals of Kentucky.

Nov. 26, 1965.

Dan Jack Combs, Pikeville, for appellant.

Richard D. Cooper, Hazard, for appellees.

PALMORE, Judge.

The appellant, Ira Kilburn, a lieutenant in the police department of Hazard, a city of the third class, was dismissed from the force by the board of commissioners of the city following a hearing of six charges preferred against him by the chief of police. KRS 95.450. On his appeal to the Perry Circuit Court the case was tried de novo, two of the charges were sustained, and the dismissal was affirmed. KRS 95.460. Kilburn appeals, contending that (1) the evidence was not enough to support the findings and (2) even if he was guilty of technical violations, discharge from the service was an excessive punishment under the circumstances.

In City of Owensboro v. Noffsinger, Ky., 280 S.W.2d 517, 519 (1955), it was held that in a de novo hearing under KRS 95.460 the question to be determined by the circuit court is not whether there is substantial evidence to support the action of the city legislative body, but whether the evidence preponderates against it. The practical effect of that test is to shift the burden of proof to the appealing party, which means that the review is something less than purely de novo.

Upon the evidence produced in circuit court the trial judge found as a fact that Kilburn, while a member of the police department, solicited a contribution for the political campaign of a candidate for mayor. Though he denied it, the person from whom he was alleged to have sought the contribution testified that he did so. The court also found as a fact that over a substantial period of time while Kilburn was on the force he accepted frequent gifts of whiskey from Dill Nucci, the operator of a liquor store in Hazard. Nucci testified that he gave him five or six pints of whiskey per month for about two years. Kilburn's explanation, corroborated by Nucci, was that he always offered to pay for the whiskey but that sometimes Nucci would not take the money.

■ Most of the other accusations specified acts of insubordination, and as usual in this type of case the record discloses numerous charges and counter-charges and reflects a state of bad feeling between various individuals in the police department, particularly Kilburn and the chief of police. Even though the trial court found the evidence of insubordination to be inconclusive, it seems obvious that for the good of the department one of these two men had to go. We fully concur in the trial court's conclusion that the evidence does not preponderate against the decision of the board of commissioners.

■ We do not agree that the two offenses of which Kilburn was found guilty are merely technical and not of sufficient gravity to justify his dismissal. KRS 95.-470 prohibits political activities by police and firemen of second and third class cities. A regulatory ordinance of the City of Hazard provides that members of the police department shall not accept gifts. Certainly as a police officer Kilburn should have known, too, that by giving him whiskey Nucci was committing a criminal offense. See KRS 244.050, 244.990(1). But even if the two charges had been of less serious import, we could not say the punishment was too severe, because it is common knowledge that personnel troubles, like marital difficulties, are similar to an iceberg in that there is generally more beneath the surface than appears to the naked eye. As remarked in Harrell v. City of Middlesboro, Ky., 287 S.W.2d 614, 616 (1956), "the relationship of employer and employee existing between a municipality and its peace officers is no different from any general employment where often the final straw 'breaks the camel's back,' and results in dismissal."

The judgment is affirmed.