**CIVIL SERVICE BOARD, CITY OF NEWPORT, Appellant,**

v.

**Byron G. FEHLER, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1978.

As Modified on Denial of Rehearing March 16, 1979.

---

8. See KRS 8.040(1)(b) and (c).

Mott V. Plummer, Jan Paul Koch, Asst. City Sol., Newport, for appellant.

A. J. Jolly, Newport, for appellee.

Before COOPER, GANT and HOWARD, JJ.

HOWARD, Judge.

This is an appeal from a judgment entered in the Campbell Circuit Court ordering the reinstatement of plaintiff-appellee, Byron G. Fehler (hereinafter referred to as Fehler), who had been dismissed from his position as Superintendent of the Department of Public Works of the City of Newport for inefficiency and incompetency by defendant-appellant, the Civil Service Board of the City of Newport (hereinafter referred to as the Board).

On this appeal, the Board states that the trial court erred: 1) In filing Supplemental Findings of Fact and Conclusions of Law more than ten (10) days after final judgment was entered; 2) In considering inadmissible and immaterial evidence; 3) In using an incorrect standard of review to overturn the decision of the Board; 4) In finding that the evidence did not support the Board's conclusions that Fehler was guilty of incompetency and inefficiency; and 5) In failing to mitigate the damages Fehler was awarded for wrongful dismissal.

The charges of inefficiency and incompetency were brought as the result of Fehler's actions during a snow emergency in February of 1977. Fehler was notified at 12:05 A.M. on February 20, 1977, that a snow emergency had been declared by the City of Newport. The snow emergency crew was not assembled until 4:00 or 5:00 that morning. The Board states that Fehler failed or refused to get a crew out earlier, thereby demonstrating his incompetency and inefficiency.

Charges were preferred against Fehler pursuant to KRS 90.360 and the City of Newport's local ordinance. A hearing was held before the Board at which Fehler and his attorney were present. Both sides presented proof after which the Board concluded that Fehler was guilty of the charges and he was dismissed. Fehler does not contend that any of his due process rights were violated in the administrative proceeding held by the Board.

A brief summary of the testimony presented at the hearing is warranted. Emanuel Lane, one of the two foremen working under Fehler, explained the procedure in calling out a snow emergency crew and testified that it normally takes 30 to 45 minutes to call out a crew. He also stated that sometimes it may take an hour and a half. Lane also testified that the policy had been for one the foremen to call out the crew, rather than the Superintendent.

Edward Craig, the other foreman (now Superintendent of the Department of Public Works), testified that he received a call from the police concerning the icy streets around 12:00 A.M. and told the police to call Fehler. He then received a call around 3:00 A.M. from the Mayor, John Peluso, asking him why a crew wasn't out yet. Craig testified that he then called the police and was told Fehler had been notified of the emergency. Craig went to the City Garage, arriving there at about 4:45 A.M. At that time, Fehler and Jimmy McCulley, a worker, were at the garage. The members of the crew were also arriving. Craig testified it takes a half hour to assemble a crew. He also testified that it was the foremen who usually assembled the crew, but that Fehler was on duty that night.

Certain other people also testified, including the Mayor and the City Manager, Ralph Mussman. Mussman testified that Fehler told the Commission, at a meeting held at a later date, that it was not his responsibility to get the crew out.

Fehler then testified. He stated that since one of the foremen usually calls out the crew, he was unfamiliar with the procedure to use. He then testified as to his unsuccessful efforts to contact certain people by telephone after receiving the call from the police, including calls to Craig. Fehler then stated he had trouble starting his truck and that he was unable to start it until about 3:00 A.M. He then testified that sometime between 3:00 and 4:00 A.M. he called out the crew with the help of Jimmy McCulley. Fehler testified also that he was not responsible for calling a crew out.

Fehler appealed to the circuit court. The proceedings which occurred in that court

will be discussed as they relate to the errors raised by the Board on this appeal.

According to the record, the proceeding in the trial court was heard de novo upon joint motion of the parties. The trial court, in its Findings of Fact, Conclusions of Law and Judgment (filed in court on January 31, 1978), stated that it considered the record made before the Board, certain affidavits (which the Board states are irrelevant and immaterial) and the briefs filed by both parties, in making its decision. The trial court stated that the findings by the Board that Fehler was guilty of inefficiency and incompetency were not supported by substantial evidence. Fehler was ordered reinstated. A trial on damages was also ordered to be held. Final judgment was entered on March 24, 1978, adjudging Fehler to be entitled to damages in the amount of $12,801.00 for wrongful dismissal.

The Board filed its notice of appeal on March 24, 1978, the same day final judgment was entered. The trial court, on its own initiative, entered Supplemental Findings of Fact and Conclusions of Law on April 14, 1978. The Board's motion to strike the Supplemental Findings of Fact and Conclusions of Law was overruled by the trial court.

The trial court has filed a request before this Court for leave to correct the record, so that these Supplemental Findings of Fact and Conclusions of Law be considered as relating back to and incorporated into the judgment entered on March 24, 1978. The trial court states that, under CR 60.01, these supplemental findings constitute an oversight or omission.

The Board has also filed before this Court a motion to strike the trial court's Supplemental Findings of Fact and Conclusions of Law and a motion to overrule the trial court's request for leave to correct the record. This Court, by order, has passed these two motions and the trial court's request to this panel for its consideration on the direct appeal.

Under CR 52.02, the court may amend its findings or made additional findings not later than ten (10) days after entry of judgment. In the instant case, the ten day limit had passed. And CR 60.01 provides for relief from a judgment or order as to *clerical mistakes* because of oversight or omission.

We believe that some six pages of twenty supplemental findings of fact and conclusions of law do not come under the heading of clerical mistakes. Although we appreciate the trial court's attempt to clarify the judgment and its reasoning therefor, we are denying the trial court's request for leave to file the supplemental findings. The Board's motion to strike the supplemental findings and the Board's motion to overrule the trial court's request for leave to file the supplemental findings are granted.

Fehler submitted the affidavits of Robert Sidell and Robert Shomaker, along with his own, to the trial court. These affidavits were admitted. The substance of Sidell's affidavit, he being a former City Manager, was that the foremen, not the Superintendent, assembled emergency work crews and that Sidell found Fehler to be a competent and efficient Superintendent. The affidavit of Shomaker, a former City Clerk, contained similar statements.

The affidavit of Fehler contained certain allegations that John Peluso, while a member of the City Council, asked Fehler to pave private property belonging to Peluso, with City equipment. Fehler also averred that Peluso, after assuming the office of Mayor, attempted unsuccessfully through court action to abolish the position of Superintendent of Public Works.

The Board states that the admission of these affidavits was waived at the hearing and they were therefore inadmissible in the trial court. To support this contention, the Board cites KRS 90.360(3), which provides that: "Upon the hearing the charges shall be considered traversed and put in issue, and the trial shall be limited to the issues presented by the written charges." The Board also states that the language of KRS 90.370(2), which provides in part that: ". . . Upon the transcript being filed

the case shall be docketed in the circuit court and tried as an original action," precludes the trial court from considering any testimony other than the transcript of hearing.

■ As an aside, we would point out that the Board violated the provisions of KRS 90.360(3) by introducing evidence of a garbage problem, this problem not being contained in the written charges. The hearing was, therefore *not* confined only to written charges.

Both parties filed motions for summary judgment in the trial court. The trial court entered an order submitting the motions and allowing a certain amount for both parties to file "affidavits or related pleadings" and briefs. Fehler filed the three affidavits. The Board filed certain police records.

■ CR 56 provides for the filing of affidavits in support of motions for summary judgment. Fehler's defense to the charges was that it was not his responsibility to call out emergency crews. Although the Board argues that it is irrelevant what procedure former employees used, we cannot agree. One is employed in government positions with the understanding that there are certain procedures which were followed before and will continue to be followed. To change job responsibilities and not notify an employee that his responsibilities have been changed, until after he has been charged with inefficiency in performance of these responsibilities, seems unfair.

■ We also believe that the provisions of KRS 90.370(2) provide for the means of commencing the action in the circuit court, i. e. filing the transcript of hearing. The first sentence in KRS 90.370(2) provides for the procedure to be used by the dismissed employee to obtain a copy of the transcript to be filed in the circuit court. KRS 90.-370(3) provides for the procedure to be used if the clerk of the Civil Service Commission fails to provide the transcript.

The affidavits were admissible and were properly considered by the trial court.

We will next discuss two related errors raised by the Board, namely that the trial court used the wrong standard of review of the Board's decision and that the trial court erred in holding that the evidence presented did not support the Board's findings that Fehler was incompetent and inefficient.

■ In *City of Owensboro v. Noffsinger*, Ky., 280 S.W.2d 517, 519 (1955), the standard of review to be used by the circuit court, subsequent to a de novo hearing, is stated as being:

.  .  . not whether the administrative decision finds reasonable support in substantial evidence, but whether or not the circuit court, hearing witnesses anew, acting as a fact-finding body, from a consideration of all the evidence heard in the circuit court, is of the opinion that the evidence heard in the circuit court preponderates against the decision made by the Commission.

See also *Kilburn v. Colwell*, Ky., 396 S.W.2d 803 (1965); and *City of Richmond v. Howell*, Ky., 448 S.W.2d 662 (1969).

We would point out to the Board that the cases cited by it, concerning the proper standard of review, would seem to allow the circuit court to hear additional evidence and not be confined to the transcript of hearing.

Fehler testified that it was not his responsibility to call the emergency crew out and that is the reason he was unfamiliar with the procedure. The affidavits filed in the circuit court substantiate Fehler's testimony. The testimony of the two foremen, Lane and Craig, is likewise similar in that they both testified that one of the foremen usually calls out the crew. There seems to be no question that Fehler got the crew out, albeit in 4 or 5 hours. During the entire time he was attempting to do something concerning the situation.

■ The trial court held that there was no evidence in the record that Fehler was incompetent or inefficient as charged, but, to the contrary, the record established him to be a competent and efficient Superintendent. (Findings of Fact, Conclusions of Law and Judgment entered January 31,

1978). This is not phrased in "preponderance" wording. However, by finding that the evidence established a conclusion contrary to that reached by the Board, we believe that the trial court implicitly found that the evidence preponderated against the Board's conclusions.

We likewise believe that the evidence presented preponderated against the findings made by the Board that Fehler was incompetent and inefficient. Fehler was correctly ordered reinstated.

The final issue raised by the Board concerns Fehler's failure to mitigate his damages. Fehler is 62 years old and earned $1,867.00 from part-time employment. This sum was deducted from his total lost wages. Fehler also testified as to other jobs he had applied for. The trial court found that Fehler had made a reasonable effort to mitigate his damages. After reviewing the testimony of the hearing held on the issue of damages, we agree with the trial court.

The judgment of the trial court is affirmed.

All concur.