Andrew REED, Appellant,

v.

**CITY OF RICHMOND, Appellee.**

**Edward GRAVES, Wayne Grant, Michael Sexton, William K. Johnson, Carson Lawless, Danny B. Collett, Blaine Martin, and Glenn C. Gordon, Appellants,**

v.

**CITY OF RICHMOND, Appellee.**

Court of Appeals of Kentucky.

April 27, 1979.

Rehearing Denied June 22, 1979.

Larry M. Greathouse, Robert C. Moody, Richmond, for appellee.

Stephen D. Wolnitzek, Covington, for amicus curiae, Fraternal Order of Police of Kenton County, Charles T. Donaldson, President.

William S. Haynes, Robert K. Salyers, Louisville, for appellants.

Before HOWARD, VANCE and WINTERSHEIMER, JJ.

VANCE, Judge.

These appeals arise from judgments in two separate actions which are factually related and involve similar issues. We have elected to dispose of both appeals with this opinion.

On August 2, 1977, appellant Reed was notified of his suspension without pay from his position as chief of the Richmond Police Department. Appellants Graves, Grant, Sexton, Johnson, Lawless, Collett and Martin were suspended without pay pursuant to City of Richmond Executive Order 77–3 dated August 3, 1977. Appellant Gordon was suspended by City of Richmond Executive Order 77–4, dated August 5, 1977.

A hearing on fifteen violations alleged against Reed was scheduled for August 5, 1977, at 7:00 p. m. Hearings on the charges filed against the other appellants (except Gordon) were scheduled for August 6, 1977, at 10:00 a. m. Appellants were unable to secure legal representation locally and on August 5, 1977, Reed contacted a Louisville law firm which consented to represent all of the appellants. This counsel did not arrive in Richmond until shortly before Reed's hearing was scheduled to begin. Prior to the commencement of that hearing, counsel for appellant Reed orally requested that the hearing be public as required by KRS 61.-810(6). That request was denied. Written motions for a continuance due to insufficient time to confer with counsel and for the disqualification of the members of the hearing board were likewise denied. At the beginning of each of the other appellants' hearings, the following written motions were tendered:

(1) motion for an open hearing;

(2) motion for a continuance;

(3) motion to disqualify the members of the board from hearing the case; and

(4) motion to dismiss the charges for lack of specificity.

All of these motions were denied.

The hearing board found Reed guilty of ten of the fifteen alleged violations and dismissed him effective immediately. Each of the other appellants was found guilty of some of the charges against him. Graves, Sexton and Grant were dismissed from the force. The others received suspensions without pay for periods of from two to ten days.

Separate appeals were prosecuted by Reed and by the other appellants to the circuit court, which heard the cases without a jury using the standard of review set out in *Kilburn v. Colwell*, Ky., 396 S.W.2d 803 (1965):

> [I]n a de novo hearing under KRS 95.-460 the question to be determined is not whether there is substantial evidence to support the action of the city legislative body, but whether the evidence preponderates against it. 396 S.W.2d at 804.

The court in *Kilburn* went on to point out that the effect of using this standard is to shift the burden of proof to the appealing party and thus the review is "something less than purely de novo." 396 S.W.2d at 804.

The trial court found that the evidence before it did not preponderate against the findings of the hearing board in either case and affirmed the disciplinary actions taken

by the board. Separate appeals to this Court followed.

The issues raised by Reed in his appeal are substantially identical to those raised by the appellants in case 78–CA–791–MR. First it is urged that the trial court erred in failing to void the board's action for violation of KRS 61.805 *et seq.,* the open meeting law. Next, the appellants maintain the trial court improperly refused to dismiss the charges against them for lack of specificity. Thirdly, appellants contend they were denied a fair and impartial hearing as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution in that their motions for a continuance and for the disqualification of the board members were summarily rejected. Their final allegation is that the trial court's findings are erroneous and should be set aside.

Without reaching the issue of whether the evidence before the trial court preponderated against the findings of the board, we have concluded that the judgment is erroneous in each case.

■ KRS 61.810 requires that all meetings of public agencies at which any business is discussed or any action taken shall be open to the public, subject to certain enumerated exceptions. Among those exceptions is the following:

(6) Discussions or hearings which might lead to the appointment, discipline or dismissal of an individual employe, member or student *without restricting that employe's, member's or student's right to a public hearing if requested,* provided that this exception is designed to protect the reputation of individual persons and shall not be interpreted to permit discussion of general personnel matters in secret. (emphasis added.)

We believe the refusal of the hearing board to grant the appellants' requests for public hearings clearly violates KRS 61.810. Nothing in that statute permits a public agency to condition an employee's right to a public hearing upon written or timely notice. The requirement of holding an open hearing could have been satisfied by the simple expedient of opening the doors and permitting the public to attend the hearing. This opening of the doors could have been accomplished on such short notice as to render the board's claim of lack of timely notice meaningless. Appellee argues that timely notice was required to make security arrangements but nothing in the record supports this. If, in fact, special precautions were deemed necessary, adjournment of the hearings for the length of time necessary to make such arrangements would not have been out of order.

■ We also note that the closed hearings were held without compliance with KRS 61.815 which specifies the conditions under which closed hearings may be conducted. Notice must be given in a regular open meeting of the general nature of the business to be conducted in the closed session and the reason for secrecy, KRS 61.-815(1). Closed sessions may be held only upon adoption of a motion for that purpose made in an open, public session, KRS 61.-815(2). *Jefferson County Board of Education v. Courier-Journal and Louisville Times,* Ky.App., 551 S.W.2d 25 (1977).

■ Under KRS 61.830, any formal action taken by a public agency in violation of KRS 61.810 and KRS 61.815 shall be voidable by a court of competent jurisdiction. We therefore hold that the action taken by the City of Richmond Administrative Hearing Board in disciplining appellants is void for failure to comply with KRS 61.810 and KRS 61.815.

■ As we have voided the action of the board for failure to comply with the open meeting statute and not upon the merits, it is foreseeable that the board will elect to reconsider these charges at a public hearing. We therefore believe appellants' argument regarding the lack of specificity of the charges against them needs to be examined. A review of the charges in issue leads us to conclude that appellants' contention is correct. KRS 95.450(2) contains the statement, "The charges shall be written and shall set out clearly the charges made." The charges against appellants fail to designate the conduct constituting the alleged

offenses and the time at which the infractions supposedly occurred.

 However, insofar as any subsequent action by the board may involve these same charges upon which evidence has been heard, we are of the opinion that the appellants have been sufficiently apprised of the specifics of the charges to the extent that reconsideration of them is confined to matters placed in evidence before the circuit court. Further action upon the charges which were dismissed has been precluded by the failure of the appellee to appeal from their dismissal.

Appellants complain that they were denied a fair hearing because the members of the hearing board were involved in preferring charges against them. We cannot agree. In *Arbogast v. Weber*, 249 Ky. 20, 60 S.W.2d 144 (1933), it was held that city commissioners could not be enjoined from acting on charges against another commissioner even if it were shown that they were biased or prejudiced in the matter. In the case at bar, appellants had a statutory right of appeal and presumably an opportunity to show any evidence of prejudice by the board members at the hearing before the circuit court.

Although the standard of review set out in *Kilburn v. Colwell, supra,* will control insofar as the sufficiency of the evidence is concerned, that standard has no application to a determination of whether the board acted arbitrarily and unreasonably because of bias or prejudice. In any claim that the action of the board is arbitrary, the burden of proof rests upon the claimant, but the court will give full consideration to the fact that the same body acted as accuser, judge and jury.

Appellants also argue that they were denied effective assistance of counsel because of the failure to grant their motion for a continuance. Appellants' counsel has now had time to fully explore all avenues of defense and this issue will not likely recur if the appellee chooses to reconsider the charges at another hearing.

Finally, the issue of attorneys' fees is not properly before this Court.

The judgment of the circuit court is reversed for proceedings consistent with this opinion.

All concur.