Andrew REED, Appellant,

v.

CITY OF RICHMOND, Kentucky, Appellee.

Ed GRAVES, Wayne Grant, Michael Sexton, William K. Johnson, Carson Lawless, Danny B. Collett, Blaine Martin, Glenn C. Gordon, Appellants,

v.

CITY OF RICHMOND, Kentucky, Appellee.

Court of Appeals of Kentucky.

July 11, 1980.

William S. Haynes, Robert K. Salyers, Haynes, Mobley, Zoeller, Celebrezze & Yann, Louisville, for appellants.

Larry M. Greathouse, Spurlin & Greathouse, P. S. C., Richmond, Robert C. Moody, Richmond City Atty., Richmond, for appellee.

Before HAYES, C. J., and WHITE and WINTERSHEIMER, JJ.

WHITE, Judge.

This appeal is from a denial of a motion for an Order on Remand to reinstate appellants with back pay from the dates of their suspensions. Two separate appeals are actually involved; however, as they deal with the same circumstances and issues, we have chosen to consider them together in a single opinion.

In August 1977 appellants were suspended from their positions with the police force of Richmond. Authority for such suspensions is found in KRS 95.450(5):

When the appointing authority or the head of the department has *probable cause* to believe a member of the police or fire department has been guilty of conduct justifying dismissal or punishment, he or it may suspend the member from duty or from both pay and duty, *pending trial*, and the member shall *not be placed on duty, or allowed pay, until* the *charges are heard.* (Emphasis added.)

Hearings for disciplinary actions were subsequently held under direction of KRS 95.450(6):

The City legislative body shall fix the *punishment* of a member of the police or fire department *found guilty*, by a reprimand, suspension for any period of time not to exceed six (6) months, by reducing the grade if the accused is an officer, or by combining any two or more of those punishments, or by *dismissal* from the service. (Emphasis added.)

The discharges resulting from these hearings were voided for procedural errors by action of this Court as reported in *Reed v. City of Richmond*, Ky.App., 582 S.W.2d 651 (1979).

Appellants now appeal from the denial of their motions for Orders on Remand to require reinstatement with back pay and interest from the initial suspension date. They suggest that the suspensions remained effective until the charges were heard, at which time they were merged into the findings of the Hearings Board. Thus, according to this reasoning, when the Board's actions were declared void, the suspensions too became null, thereby requiring reinstatement with back pay, a return to *status quo ante bellum.*

We disagree and in doing so affirm the holding of the Madison Circuit Court. Assuredly, the suspensions would merge, as suggested by appellants, with the final resolutions had such resolutions been on the merits. Herein, however, the procedural defects which required reversal occurred at the hearings held to determine disciplinary action. Nothing was presented, and there were no rulings, to indicate that any errors had been associated in the suspension process. Thus, it was only these portions of the action which occurred after the suspensions which were voided; the suspension elements remain viable as if no hearings had yet been held.

Appellants cite several cases as support for their reinstatement. These, however, concern dispositions *on the merits* in which the appellate court *specifically directed* reinstatement, *e. g. Armstrong v. Board of Civil Service Commissioners of City of Newport*, 243 Ky. 415, 48 S.W.2d 1055, 1056 (1932): "The judgment is reversed, with directions to set aside the order of dismissal and to reinstate the appellant as a member of the police department."

Herein, the actions of the Hearings Board in dismissing the men were reversed; however, there were no instructions regarding dismissal of the charges themselves. To the contrary, by giving instructions on how a proper hearing should be conducted were the Board to decide to rehear the cases, the court made it apparent that the charges remained active. "As we have voided the action of the board for failure to comply with the open meeting statute and not upon the merits, it is foreseeable that the board will elect to *reconsider these charges* at a public hearing." *Reed v. City of Richmond*, *supra*, at 654. (Emphasis added.) N.B. the distinction between that wording and, *e. g.*, "It is foreseeable that the board will elect to *consider reissued charges.*"

Clearly the actions were meant to recommence at the point at which the taint of procedural error (a closed meeting hearing) had arisen. The administrative suspensions under KRS 95.450(5) continue until the cases are resolved either by hearings determinative of the merits or by dismissal of the charges. The appellants were by order of the Court of Appeals restored not, as suggested by appellants, to their positions before the suspensions but rather to those held before the initial hearings.

For the aforementioned reasoning, the decision of the Madison Circuit Court in denying appellants' motion for Orders on Remand to be reinstated with back pay and interest is affirmed in both cases.

All concur.