**Larry PRICHARD, D/B/A Prichard Mining Company, Appellant,**

v.

**The BANK JOSEPHINE, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1987.

Discretionary Review Denied by Supreme Court March 3, 1987.

Gordon J. Dill, Jr., Ashland, for appellant.

William G. Francis, Prestonsburg, for appellee.

Before COMBS, GUDGEL and McDONALD, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Floyd Circuit Court which granted appellee's motion for judgment notwithstanding the verdict.

Prichard Mining Company, a sole proprietorship of Larry Prichard, mined, delivered, and sold coal as its business. Prichard contracted with Lady Washington Mining Company to deliver coal to Lady Washington at its river loading dock near Ashland, Kentucky. Lady Washington would then sell the coal to West Penn Power Company.

Lady Washington had entered into a financial arrangement with appellee Bank Josephine known as a "Factoring Agreement." The substance of this agreement is that the bank would loan money to Lady Washington in return for an assignment by Lady Washington of its accounts receivable. Lady Washington would bring its weigh tickets to the bank, and they would calculate the amount receivable for the shipments. Obviously, this agreement assisted Lady Washington in its cash flow needs, allowing it to meet its ongoing expenses, including payment of its suppliers, e.g., Prichard.

During this time Lady Washington had issued a check to Prichard toward payment for initial deliveries. The check was drawn on Lady Washington's account at Bank Josephine, but was dishonored due to insufficient funds. Prichard went to the bank and asked a cashier with whom he could discuss the matter of Lady Washington's dishonored check. He was referred to the bank's assistant vice-president, Evelyn Hager.

The gist of the conversation between Prichard and Hager is surrounded by controversy. Prichard says Hager, discerning his reluctance to deliver more coal to Lady Washington, advised him that if his company would continue to deliver coal to Lady Washington, the Bank Josephine would directly pay him upon receipt of the proceeds from West Penn Power Company. Hager issued a check from the bank to Prichard for the amount of the dishonored check, and a check for ten thousand dollars for future trucking and shipping expenses to Lady Washington. Appellee, Bank Josephine, says that if such a discussion ever took place, Hager had no authority to so obligate the bank, and even if she did, no oral contract arose because: one, want of consideration; and two, violation of the statute of frauds since such would amount to an

oral agreement to answer for the debt of another. *See* KRS 371.010(4).

Subsequently, after delivering more coal to Lady Washington's dock without receiving any payment from Bank Josephine, Prichard contacted the bank concerning the whereabouts of his money. Hager told him that the money from Lady Washington's consignee had not arrived at the bank for reasons unknown to her. Prichard requested to inspect the weigh tickets for shipments and Hager accommodated. Prichard observed two-month-old weigh tickets evidencing coal he had shipped to Lady Washington without receiving payment. Since the bank routinely received payment from West Penn Power Company within thirty days following delivery, Prichard felt Hager had misrepresented the facts by claiming payment by West Penn Power Company had not reached the bank. Indeed, the record shows testimony that the bank had in fact received these payments and paid them directly to the bank, reducing Lady Washington's debt to the bank by very nearly one hundred thousand dollars.[1]

The Floyd Circuit Court jury found for appellant Prichard as against appellee Bank Josephine in the amount of $98,-264.00, and judgment was accordingly entered on February 26, 1985. Appellee filed its motion for judgment notwithstanding the verdict and alternatively for a new trial. On June 10, 1985, the trial court granted appellee's motion for judgment n.o.v., but only addressed the alternative motion for a new trial by deeming it moot. Appellant moved the court to alter or amend its order citing CR 50.03 which requires the court to conditionally grant or deny the alternative motion for a new trial.

On June 25, 1985, the court amended its order conditionally overruling appellee's motion for new trial. The next day the court entered an order said to overrule appellant's motion to alter or amend the judgment since appellee's motion for a new

trial was rendered moot by the court's order of June 10, 1985.

On July 3, 1985, the court entered another order, this time conditionally *granting* appellee's motion for a new trial in the event the judgment n.o.v. were to be reversed.

■ Since several post trial amending orders were entered, this Court must first resolve what judgment is on appeal here. It is the opinion of this Court that the trial court brought its June 10, 1985, judgment into compliance with CR 50.03 by its order of June 25, 1985. It is the June 10, 1985 judgment, as amended by the June 25, 1985 order, that is here on appeal. The subsequent attempts by the trial court to amend its judgment are untimely pursuant to CR 59.04 for not being made within ten days from the date of the original judgment, and are without authority from 60.01. Motion under that rule is to correct clerical errors, and may not be made to correct errors of law or relitigate a case. *Cf. Civil Service Board, City of Newport v. Fehler*, Ky. App., 578 S.W.2d 254 (1979). *See also Pruett v. Coastal States Trading*, Tex. App., 715 S.W.2d 702 (1986).

This Court must now decide whether the trial court erred as a matter of law in granting appellee's motion for judgment n.o.v. The considerations for determining this particular motion are the same as those for deciding one for directed verdict. Here, this consideration becomes whether or not, viewing the evidence in light most favorable to Prichard (the non-moving party), there exists a genuine issue of fact for the jury. *Dep't. of Highways v. Enoch*, Ky., 523 S.W.2d 633 (1975); *Cassinelli v. Begley*, Ky., 433 S.W.2d 651 (1968). This observation by itself creates an anomaly in the trial court's judgment for it overruled appellee's motion for a directed verdict, yet after the jury returned for the appellant, the trial court granted appellee's motion for judgment n.o.v. Even before trial of this case the trial court found that the issues of the failure of the alleged agree-

---

1. A portion of these payments were also paid to Ashland Finance Company, another Lady Washington creditor owned by the same owners of the Bank Josephine.

ment between Prichard and Hager to be in writing, and Hager's actual or apparent authority were both factual issues for the jury. This the court found in its order of May 30, 1984, overruling appellee's motion for summary judgment. The trial court even instructed the jury on the factual question of banker Hager's actual or apparent authority.

This Court feels that a number of issues were, as the trial court found, proper jury questions. These are: whether there was an oral contract between Prichard and the Bank Josephine through Hager; Hager's actual or apparent authority; want of consideration, considering that as a direct result of Prichard's efforts the bank's exposure was reduced by nearly $100,000.00; and whether Hager was in fact obligating the bank to answer for the debt of another. For the above reasons, we believe the judgment n.o.v. should be reversed.

The judgment of the Floyd Circuit Court is reversed and remanded with directions to reinstate the original judgment entered pursuant to the verdict of the jury.

McDONALD, J., concurs.

GUDGEL, J., concurs in result.