**MOUNTAIN WATER DISTRICT,**
Appellant,

v.

**Irvin SMITH; and Hazel Smith, Appellees.**

**No. 2008–CA–002369–MR.**

Court of Appeals of Kentucky.

May 21, 2010.

Daniel P. Stratton, Pikeville, KY, for appellant.

Lawrence R. Webster, Pikeville, KY, for appellee.

Before VANMETER, Acting Chief Judge; KELLER, Judge; WHITE,[1] Senior Judge.

## OPINION

VANMETER, Acting Chief Judge.

Mountain Water District appeals from a judgment entered by the Pike Circuit Court after a jury rendered a verdict in favor of Irvin and Hazel Smith regarding a dispute over the cause and extent of property damage suffered by the Smiths. For the reasons stated hereafter, we affirm.

The Smiths own a residence located at 20 Radio Hill in Buskirk, Kentucky. In 2002 and 2003, Mountain Water installed a new sewer system, which was constructed above an existing sewer system and was located uphill from the Smiths' residence. During the construction, a pipe from the previous system that ran down the hill towards the Smiths' residence was broken. Subsequently, sewage arose from the ground and saturated the Smiths' property.

The Smiths discovered a tank buried underneath their property that was connected to the old sewer system. The Smiths believed debris from the broken pipe had caused the sewage to back up within this tank, eventually causing the sewage to permeate their property. County officials advised the Smiths to have the tank filled with concrete to prevent the sewage backup. After the Smiths did so,

---

1. Senior Judge Edwin White sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

sewage reappeared on the Smiths' property. The Smiths suspected, and presented evidence to suggest, repair would need to be done on neighboring property not owned by the Smiths.

The Smiths hired an appraiser who rendered two estimates evaluating the diminution in value of the Smiths' property. The first, in 2006, estimated a diminution in value of $15,000. The second, in 2008, estimated a diminution in value of $50,000. Mountain Water provided expert testimony that the diminution in value was $5,500.

Prior to trial, Mountain Water filed a motion in limine to suppress any evidence concerning the cost of repair from being introduced at trial, since the Smiths provided no such evidence during discovery. The motion was sustained and the Smiths proffered no such evidence at trial.

At the close of the Smiths' evidence, and again at the close of all the evidence, Mountain Water moved for a directed verdict claiming the Smiths failed to prove damages to the property by not offering evidence of the cost of repair. Both motions were overruled by the trial court.

Mountain Water proposed a set of jury instructions requiring, for the purpose of calculating damages, the jury to find the lesser amount between the cost of repair and the diminution in value. This instruction was rejected by the trial court, and the damages instruction which was ultimately submitted to the jury read as follows:

> If you have answered Yes to Instruction No. 2 [finding liability], you will determine from the evidence the difference in the Fair Market Value immediately before and after the property was damaged not to exceed $50,000.00 dollars. "Fair Market Value" is the price that a person who is willing but not compelled to buy would pay and a seller who is willing but not forced to sell would accept for the property in question.

The jury found in favor of the Smiths and awarded $30,000.00 in damages. This appeal followed.

█ First, Mountain Water contends the trial court erred by denying its motion for a directed verdict since the Smiths did not provide evidence of the cost of repair, and thus failed to prove their measure of damages. We disagree.

█ Upon consideration of a motion for a directed verdict, "the trial court must 'draw all fair and rational inferences from the evidence in favor of the party opposing the motion, and a verdict should not be directed unless the evidence is insufficient to sustain the verdict.'" *Kroger Co. v. Willgruber*, 920 S.W.2d 61, 64 (Ky.1996) (quoting *Spivey v. Sheeler*, 514 S.W.2d 667, 673 (Ky.1974)). Upon review by an appellate court, "the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt [or liability], only then the defendant is entitled to a directed verdict[.]" *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky.1991) (citations omitted).

Mountain Water relies on *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66 (Ky. 2000), to argue the Smiths are required to present evidence of both the cost of repair and the diminution in value. However, in *Ellison*, the claimant sought cost of repair damages, whereas here, the Smiths sought damages for the diminution in value in their property. The court stated:

> As a practical matter, therefore, the amount by which the injury to the property diminishes its total value operates as an upper limit on any damage recovery. Claimants may receive restoration cost damages in injury-to-property cases only when compensation in the form of

restoration costs is the least expensive way to make those claimants whole. *Id.* at 69–70. The effect of *Ellison* is to prevent a claimant from seeking cost of repair damages that exceed the diminution in fair market value. This rule, therefore, assumes the claimant has repaired, or has the ability to repair, the property damage because the claimant is seeking those repair costs as damages. In this case, the Smiths are seeking diminution in value damages, in part, because they claim they were unable to repair the damage, and presented evidence to that effect in the form of an appraisal.

This court does not read *Ellison* to require a claimant to present evidence of diminution in value and cost of repair when a claimant puts on evidence demonstrating they were unable to repair the damage and do not seek cost of repair damages. Furthermore, Mountain Water cites no Kentucky authority which states the burden of proving damages in an injury-to-property case requires the claimant to demonstrate both cost of repair damages and diminution in value damages when the claimant only seeks diminution in value damages. Drawing "all fair and rational inferences from the evidence in favor of the party opposing the motion," i.e., in favor of the Smiths, the evidence presented to the jury was not "insufficient to sustain the verdict." *See Kroger Co.,* 920 S.W.2d at 64. Accordingly, the trial court did not err by denying Mountain Water's motion for a directed verdict.

■ Next, Mountain Water contends the trial court erred by not instructing the jury regarding cost of repair damages. We disagree.

■ An alleged error in a jury instruction is considered a question of law and is reviewed on appeal under a *de novo* standard of review. *Peters v. Wooten,* 297 S.W.3d 55, 64 (Ky.App.2009) (quoting *Hamilton v. CSX Transp., Inc.,* 208 S.W.3d 272, 275 (Ky.App.2006)).

■ Mountain Water argues the jury should have been instructed to calculate damages as the lesser of the cost of repair or the diminution in value, in accordance with *Ellison.* In *Ellison* the court stated:

[W]here a claimant seeks compensation in the form of repair costs for an injury to land, trial courts shall require the jury to find whether the injury may be repaired at a cost *less than* the diminution in the value of the property, and, if the jury finds otherwise, limit the claimant's recovery to the diminution in the value of the property.

*Id.* at 70 (emphasis added). Thus, *Ellison* requires a jury to be instructed to find the lesser amount between cost of repair and diminution in value only when a claimant seeks cost of repair damages. This court, as noted above, does not read *Ellison* to require the "lesser amount" instruction when the claimant only seeks diminution in value damages.

Mountain Water directs us to *Lichtefeld v. Mactec Eng'g and Consulting, Inc.,* 239 Fed.Appx. 97 (6th Cir.2007) (applying Kentucky law), as an example of a federal court applying the "lesser amount" instruction in *Ellison* when the claimant seeks damages for diminution in value without regard to repair costs. *Id.* at 102. However, in *Lichtefeld,* the claimant was able to make repairs to the property and assign a dollar amount to those repairs. The lower court instructed the jury to calculate damages as *either* the cost of repair *or* the diminution in value, rather than instructing the jury to find the lesser of the two amounts. An appellate review held that the jury instructions should have reflected the "lesser amount" rule set forth in *Ellison,* rather than instructing the jury that the proper measure of damages was

*either* the cost of repairs *or* the diminution in value. *Id.* at 106.

In the present case, the record suggests the Smiths were unable to repair the property damage themselves. Furthermore, no evidence was presented by either party to establish the cost of repair, and none was required. A "lesser amount" instruction was neither required, nor supported by the evidence, and thus the trial court did not err by deciding against giving the instruction offered by Mountain Water.

Finally, Mountain Water asserts the trial court erred by denying its motion for a judgment notwithstanding the verdict. We disagree.

■ Under CR [2] 50.02,

[n]ot later than 10 days after entry of judgment, a party who has moved for a directed verdict at the close of the all the evidence may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict[.]

In reviewing a trial court's decision to deny a motion for a judgment notwithstanding the verdict, "we apply the same standard of review that we use when reviewing a lower court's decision to deny a motion for a directed verdict." *Radioshack Corp. v. ComSmart, Inc.,* 222 S.W.3d 256, 261 (Ky.App.2007) (quoting *Prichard v. Bank Josephine,* 723 S.W.2d 883, 885 (Ky.App.1987)).

Here, Mountain Water moved for a judgment notwithstanding the verdict on the basis that the Smiths failed to prove their measure of damages as required by *Ellison.* However, given our conclusion that the Smiths were not required to present evidence of cost of repair damages, it follows that Mountain Water was not enti-

tled to a judgment notwithstanding the verdict on this ground.

The judgment of the Pike Circuit Court is affirmed.

ALL CONCUR.

---

2.  Kentucky Rules of Civil Procedure.