**Randy PEZZAROSSI, Appellant**

v.

**Gilbert NUTT, Appellee.**

**No. 2011–CA–000990–MR.**

Court of Appeals of Kentucky.

Dec. 7, 2012.

Case Ordered Published by Court of Appeals Feb. 8, 2013.

---

Galen L. Clark, Louisville, KY, for appellant.

Stephen P. Imhoff, Louisville, KY, for appellee.

Before COMBS, LAMBERT, and NICKELL, Judges.

## OPINION

LAMBERT, Judge.

Randy Pezzarossi has appealed from the judgment and order of the Jefferson Circuit Court denying his request to instruct the jury on punitive damages. We agree with Pezzarossi that he was entitled to an instruction on punitive damages in his fraud action. Therefore, we reverse the judgment of the circuit court and remand for a new trial on the issue of punitive damages.

On April 2, 2008, Pezzarossi filed a verified complaint in Oldham Circuit Court[1] seeking compensatory and punitive damages against Gilbert Nutt for fraudulent misrepresentation related to the repayment of a $3,500.00 loan. Nutt, an attorney, had represented Xavier Giles in a personal injury lawsuit in 2007. Ms. Giles sought a personal loan from Pezzarossi in the amount of $3,500.00, and in order to secure repayment of the loan, Pezzarossi contacted Nutt regarding reimbursement

---

1. The matter was transferred to Jefferson Circuit Court based upon lack of venue in October 2008.

of the loan. In a September 13, 2007, letter from Nutt to Pezzarossi, showing by her signature that Ms. Giles had "accepted" the terms contained in the letter, Nutt stated: "I anticipate a settlement of Ms. Giles' personal injury claim within the next 30 days and under the direction of Ms. Giles I will reimburse you the $3,500.00 loan from this settlement." Ms. Giles' case was settled in December 2007, but Pezzarossi never received reimbursement from Nutt out of the proceeds of the settlement pursuant to the letter despite requesting that he be repaid. In his complaint, Pezzarossi stated that he relied upon Nutt's representations in making the loan to Ms. Giles, acted to his detriment in relying upon these representations, and was damaged by this reliance.

Prior to the trial of this matter, Pezzarossi tendered proposed jury instructions, which included an instruction on punitive damages, citing *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464 (Ky.1999), and indicated he was seeking $20,000.00 in punitive damages. The matter proceeded to a trial by jury, and the court permitted the main claim of fraudulent misrepresentation to go to the jury. The parties discussed the issue of a punitive damages instruction on at least three separate occasions. Pezzarossi described his fraudulent misrepresentation claim as a threshold finding the jury must make in order for it to then move on to decide whether punitive damages would be warranted under the finding of fraud. The court denied Pezzarossi's request, citing a lack of evidence of malice. Following its deliberation, the jury returned a unanimous verdict in favor of Pezzarossi and awarded him $3,500.00. The circuit court entered a final judgment on March 2, 2011, in favor of Pezzarossi awarding him that amount as well as post-judgment interest at the statutory rate.

Thereafter, Pezzarossi filed a motion for a new trial on punitive damages pursuant to Kentucky Rules of Civil Procedure (CR) 59.01, arguing that the circuit court erred in not properly instructing the jury as he requested pursuant to Kentucky Revised Statutes (KRS) 411.184(2) and *Rickert, supra*. Nutt objected to the motion, arguing that the circuit court did not abuse its discretion in instructing the jury and that Pezzarossi had not presented any evidence to establish he was entitled to an award of damages based upon the criteria listed in KRS 411.186(2)(c). The court denied the motion by order entered April 26, 2011, and this appeal now follows.

On appeal, Pezzarossi continues to argue that he was entitled to an instruction on punitive damages because he had established the underlying fraud claim by clear and convincing evidence and that he is therefore entitled to a new trial. Nutt appears to dispute that Pezzarossi successfully established the underlying claim of fraud and asserts that Pezzarossi did not establish he was entitled to punitive damages pursuant to the criteria set forth in KRS 411.186(2). "An alleged error in a jury instruction is considered a question of law and is reviewed on appeal under a *de novo* standard of review." *Mountain Water Dist. v. Smith*, 314 S.W.3d 312, 315 (Ky.App.2010), citing *Peters v. Wooten*, 297 S.W.3d 55, 64 (Ky.App.2009).

 In order to prove a claim for fraud, a plaintiff must establish several elements by clear and convincing evidence.

In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury.

*Rickert,* 996 S.W.2d at 468, citing *Wahba v. Don Corlett Motors, Inc.,* 573 S.W.2d 357, 359 (Ky.App.1978). In the present case, the court permitted Pezzarossi's underlying fraudulent misrepresentation claim to go to the jury, meaning that Pezzarossi had introduced sufficient proof that would permit a jury to find in his favor by clear and convincing evidence.

▪ Turning our attention to the punitive damages statute, KRS 411.184 [2] provides that a plaintiff is to recover punitive damages if he proves by clear and convincing evidence that the other party has acted with oppression, fraud, or malice. The statute states, in pertinent part, as follows:

(1) As used in this section and KRS 411.186, unless the context requires otherwise:

. . . .

(b) "Fraud" means an intentional misrepresentation, deceit, or concealment of material fact known to the defendant and made with the intention of causing injury to the plaintiff.

. . . .

(f) "Punitive damages" includes exemplary damages and means damages, other than compensatory and nominal damages, awarded against a person to punish and to discourage him and others from similar conduct in the future.

(2) A plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice.

. . . .

(5) This statute is applicable to all cases in which punitive damages are sought and supersedes any and all existing statutory or judicial law insofar as such law is inconsistent with the provisions of this statute.

We note that the statute does not provide that a plaintiff must prove that the defendant acted toward him with oppression, fraud, AND malice; rather, only one of those three elements must be present. *See Rickert,* 996 S.W.2d at 470 ("Rickert was entitled to have the jury consider punitive damages because he had demonstrated fraud by clear and convincing evidence. KRS 411.184."). Here, Pezzarossi established his threshold claim of fraudulent misrepresentation by clear and convincing evidence, meeting the element of KRS 411.184(2) that Nutt had acted toward him with fraud. Therefore, the circuit court erred as a matter of law by refusing Pezzarossi's request to include a punitive damages instruction.

We note that Nutt relies on KRS 411.186, which addresses factors a trier of fact should consider when assessing the amount of punitive damages that should be awarded.

(1) In any civil action where claims for punitive damages are included, the jury or judge if jury trial has been waived, shall determine concurrently with all other issues presented, whether punitive damages may be assessed.

(2) If the trier of fact determines that punitive damages should be awarded, the trier of fact shall then assess the sum of punitive damages. In determining the amount of punitive damages to be assessed, the trier of fact should consider the following factors:

(a) The likelihood at the relevant time that serious harm would arise from the defendant's misconduct;

**2.** In *Williams v. Wilson,* 972 S.W.2d 260, 269 (Ky.1998), the Supreme Court of Kentucky declared KRS 411.184(1)(c), containing a definition of malice, to be in violation of the jural rights doctrine and unconstitutional.

(b) The degree of the defendant's awareness of that likelihood;

(c) The profitability of the misconduct to the defendant;

(d) The duration of the misconduct and any concealment of it by the defendant; and

(e) Any actions by the defendant to remedy the misconduct once it became known to the defendant.

(3) KRS 411.184 and this section are applicable to all cases in which punitive damages are sought.

This statute is inapplicable in the present case because the jury was never instructed on punitive damages. However, on remand, the jury must consider these factors if it decides that an award of punitive damages is warranted.

Accordingly, we agree with Pezzarossi that the circuit court erred when it denied his motion for a new trial. *See Miller v. Swift,* 42 S.W.3d 599, 601 (Ky.2001) ("Our review, therefore, is limited to whether the trial court's denial of her motion was clearly erroneous."). Furthermore, we agree with Pezzarossi that he is entitled to a new trial on the sole issue of punitive damages. *See Sand Hill Energy, Inc. v. Smith,* 142 S.W.3d 153, 166 n. 26 (Ky.2004); *Hyman & Armstrong, P.S.C. v. Gunderson,* 279 S.W.3d 93, 122 (Ky.2008) ("Retrial on a distinct and severable issue is permitted unless retrial would result in injustice.").

For the foregoing reasons, the portion of the judgment addressing punitive damages and the order denying the motion for a new trial are reversed, and this matter is remanded to the Jefferson Circuit Court for a new trial on the sole issue of punitive damages.

ALL CONCUR.