RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1394-ME

ANDREW VANCE                                                          APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.       HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 20-CI-00574

WHITING-TURNER/KOKOSING
JOINT VENTURE                                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, LAMBERT, AND McNEILL, JUDGES.

DIXON, JUDGE: Andrew Vance appeals the Boone Circuit Court's order, entered

November 24, 2021, denying his motion for class certification. After careful

review of the briefs, record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Appellee Whiting-Turner/Kokosing Joint Venture (hereinafter

"WTK"), is the general contractor overseeing the construction of a new Amazon

Distribution Center in Boone County, Kentucky. As part of the construction process, dynamite blasting commenced in August 2019 and lasted for approximately two years. In May 2020, Vance, a residential homeowner who lives near the construction site, filed a petition seeking damages based on allegations that the blasting, which was conducted under WTK's supervision, constituted a temporary nuisance. The petition was later amended to include a claim for permanent diminution in value, also known as stigma damages.

Thereafter, Vance moved to certify a proposed class consisting of all residential property owners within a one-mile radius of the construction project who acquired their property on or before August 14, 2019. In support, Vance included 22 disclosures from residents living in or near the proposed class boundaries detailing their experiences of the blasting and the ascribed damages, emails from various individuals discussing complaints from local businesses and residents and WTK's responses thereto, and a declaration from a licensed realtor who opined that the blasting has created reputational damage to the class members' properties resulting in a 10-15% reduction in fair market value. After arguments and extensive briefing, the circuit court denied certification, and this interlocutory appeal followed. Additional facts will be introduced as they become relevant.

## STANDARD OF REVIEW

An order granting or denying class action certification is subject to immediate expedited appeal. CR[1] 23.06. We review a circuit court's decision for an abuse of discretion. *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430 (Ky. 2018). A court abuses its discretion if its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000). We are mindful that our review is limited to the issue of certification and not the merits of Vance's claims. *Hensley*, 549 S.W.3d at 437. If the court's reasoning is rational and confined to the parameters of the requirements for certification of a class, its decision will not be disturbed. *Id.* at 444.

## ANALYSIS

A class action is an exception to the general rule that legal actions shall be prosecuted in the name of the real party in interest as it authorizes one or more individuals to represent the interests of a larger group. *Id.* at 442; CR 17.01. To maintain a class action, the moving party must satisfy the prerequisites of both CR 23.01 and CR 23.02. The requirements of CR 23.01 can be summarized as numerosity, commonality, typicality, and adequacy of representation. *Hensley*, 549 S.W.3d at 442-43. Herein, the court noted it was inclined to agree that Vance

---

[1] Kentucky Rules of Civil Procedure.

had demonstrated both numerosity and adequacy of representation, findings which have not been challenged, but that he had not satisfied the requirements of commonality and typicality.

CR 23.01(b) necessitates that there be questions of law or fact common to the class to be certified. In determining whether commonality has been established, the focus is "on whether 'the defendant's conduct was common as to all of the class members.'" *Summit Med. Group, Inc. v. Coleman*, 599 S.W.3d 445, 449 (Ky. App. 2019) (quoting *Nebraska Alliance Realty Co. v. Brewer*, 529 S.W.3d 307, 312 (Ky. App. 2017)). CR 23.01(c) mandates that the claims or defenses of the representative parties must be typical of the claims or defenses of the class. "[C]laims and defenses are considered typical if they arise from the same event, practice, or course of conduct that gives rise to the claims of other class members and if the claims of the representative are based on the same legal theory." *Hensley*, 549 S.W.3d at 443 (quoting 6 KURT A. PHILIPPS, JR., DAVID V. KRAMER & DAVID W. BURLEIGH, PREREQUISITES TO CLASS ACTION, Ky. Prac. R. Civ. Proc. Ann. Rule 23.01, Comment 7 (Aug. 2017 update)).

In concluding these requirements were not met, the court found that there were questions of fact which would differ from property to property, and it was conceivable that Vance could successfully establish his own claim but fail to prove the class members' claims. Since these findings do not conform with the

-4-

applicable tests, we conclude they do not constitute a sufficient basis to deny certification. Consequently, if we were to constrain our review to CR 23.01, as the court ostensibly did, we would be forced to reverse and remand for reconsideration. However, we are permitted to affirm the court's decision based on any reason supported by the record, and because the crux of the court's findings is that Vance failed to satisfy the requirements of CR 23.02(c), we conclude the court did not err in denying certification. *See Fischer v. Fischer*, 348 S.W.3d 582, 591 (Ky. 2011), *abrogated on other grounds by Nami Res. Co., L.L.C. v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018).

To certify a class, a movant must satisfy one of the three requirements set out in CR 23.02. Vance elected to proceed under CR 23.02(c) which requires that questions common to the class predominate over individual issues. The predominance requirement serves to test whether a proposed class is sufficiently cohesive that the action will not devolve into mini-trials adjudicating the class-wide claims with individual determinations and proof. *Manning v. Liberty Tire Servs. of Ohio, LLC*, 577 S.W.3d 102, 116 (Ky. App. 2019). "Class-wide issues predominate if resolution of some of the legal or factual questions for class-wide resolution can be achieved using generalized proof, and if these particular issues

are more substantial than those requiring individualized proof." *Id.* (citing *Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 268 (E.D. Ky. 2009)). [2]

Citing *Muncie v. Wiesemann*, 548 S.W.3d 877 (Ky. 2018), a seminal case on the issue of stigma damages in Kentucky, the court found that Vance was required "to prove actual damages and that damages for the actual injury [i.e., repair costs] alone would be insufficient to make him whole." The court then concluded, because the resolution of these issues would necessitate an examination of the facts specific to each class member, class certification was not proper. Vance asserts the court misinterpreted the requirements for proving stigma damages.

First, regarding the cost of repairs, Vance argues this Court held, in *Mountain Water District v. Smith*, 314 S.W.3d 312 (Ky. App. 2010), that Kentucky law does not require a claimant to establish the cost of repair when diminution in value is the only damage sought. Accordingly, Vance opines that the court erred in denying certification based on the erroneous conclusion such evidence was necessary.

We disagree with Vance's reading of *Smith*. The case does not hold that cost of repair evidence is never required in diminution actions but, rather, the

---

[2] As CR 23 and Federal Rule of Civil Procedure 23 are similar, federal case law is persuasive in interpreting CR 23. *See Curtis Green & Clay Green, Inc. v. Clark*, 318 S.W.3d 98, 105 (Ky. App. 2010).

*Smith* Court held as an exception to the general rule that such evidence was not necessary when the claimants expressly plead irreparable injury and present evidence to that effect. Since Vance has not made a similar claim or presentation of evidence, the exception is not applicable herein. Further, Vance's contention is contrary to the guidance the Supreme Court of Kentucky provided in *Muncie*, 548 S.W.3d at 879-81. *Muncie* involved the dismissal of an action for stigma damages on the basis the claimants had already received a partial settlement for repair costs. *Id.* Reversing, the Court explained that stigma damages may be proper if remediation damages are insufficient to make the injured party whole and remanded the matter for a factual determination as to whether the claimants were fully compensated by the partial settlement. *Id.* Clearly, the cost of repair is necessary evidence for a claim for stigma damages; therefore, we disagree that the court erred in considering the need for individualized evidence on the issue.

Our review is not complete however, as the need for individual damages determinations does not wholly bar class certification. *Manning*, 577 S.W.3d at 117 (citing *Olden v. LaFarge Corp.*, 383 F.3d 495, 509 (6th Cir. 2004); *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988)). It is, nevertheless, an important factor to our ultimate determination of whether common issues and facts predominate. *Id.* We turn now to Vance's remaining argument.

As to proof of an actual injury, Vance concedes it is an essential element for stigma damages and seemingly acknowledges that claims based on physical harm to the property would require evidence on a property-by-property basis. Nevertheless, Vance maintains that the court erred in finding that individualized proof would be required where he has presented ample evidence that the class as a whole was deprived the use and enjoyment of their property. For the following reasons, we again disagree.

While Vance is correct that the unreasonable interference of an owner's use and enjoyment of a property can satisfy the requirement of an actual injury, *Smith v. Carbide and Chemicals Corporation*, 226 S.W.3d 52, 57 (Ky. 2007), the nature of the injury does not impact the burden of proof. As the Court made clear in *Carbide*, the "unreasonable interference with the property owner's possessory *use* of his/her property is sufficient evidence of an actual injury[,]" and "[t]he amount of harm, if any, *to the individual parcels* . . . will depend upon the proof introduced at trial – an issue of fact." *Id.* (emphasis added).

The interplay between the proof necessary to establish an actual injury and the preponderance requirement for class certification was considered in *Manning*, 577 S.W.3d 102. In *Manning*, a large fire burned in excess of two days causing a smoke plume to deposit particulate matter onto surrounding properties and local authorities to issue a shelter-in-place (SIP) order for residents within a

one-mile radius of the blaze. *Id*. at 108. Two residents seeking to recover damages moved to certify a class consisting of those who were impacted by the particulate matter, as established by the report of a forensic meteorology expert who tracked the path of the smoke plume, and residents who were subject to the SIP order. *Id.* at 108-09. On appeal, this Court agreed that the preponderance requirement was not met where numerous questions – such as whether particulate matter actually landed on the property of the individual class members and whether the SIP order impacted the individual class members' ability to enjoy their property – would need individualized answers and affirmed the denial of certification. *Id.* at 116-18.

Applying *Manning*, we cannot say the court erred by denying certification herein. It is noteworthy that the harmful conduct in *Manning* arose from an isolated event, occurring over a relatively short period of time, and the class claimed only two discrete injuries – particulate matter deposits and the loss of use and enjoyment due to the SIP order. Conversely, herein the blasting occurred in different locations over a two-year period, and Vance has cited multiple types of injuries – excessive vibrations, loud noises, personal items moving or falling, cracks in surfaces, sinking foundations, separation of porches, dust, and family pets being disturbed. The complete lack of uniformity regarding causation and injury

underscores the glaring need for individualized proof in this matter which extends beyond the issue of determining damages.

Accordingly, we conclude that Vance has failed to satisfy the predominance requirement of CR 23.02(c) and, thus, the court did not abuse its discretion in denying the proposed class certification.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Boone Circuit Court is AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Ronald R. Parry<br>Cincinnati, Ohio | Edward H. Stopher<br>Earl L. Martin III<br>Louisville, Kentucky |
| Philip Taliaferro, III<br>Erlanger, Kentucky | |
| Alexander F. Edmondson<br>Covington, Kentucky | |
| Christopher Wiest<br>Crestview Hills, Kentucky | |